10498

CATHCART v. MATTHEWS ET AL.

(104 S. E. 180.)

1. TRESPASS—EVIDENCE OF RENTAL VALUE ADMISSIBLE.—In an action for damages for withholding possession of realty, evidence of rental value is admissible, although the action could not be maintained. as one for rents and profits.

2. TRESPASS—INSTRUCTION HELD NOT TO ELIMINATE DEFENSE OF GRANTOR'S TITLE.—In an action for damages for withholding possession, where the jury were instructed that if defendant's grantor was a purchaser for value without notice, etc., and he acquired such title, verdict must be for defendant, unless plaintiff afterwards acquired title by adverse possession, a further instruction that, if at the time defendant acquired his grantor's title he had notice of circumstances relating to plaintiff's claim sufficient to put him on inquiry, he shall be chargeable with such knowledge as reasonable diligent inquiry would have disclosed, was not improper, as depriving the defendant of the right to stand on the validity of his grantor's title.

3. VENDOR AND PURCHASER—DEFENSE OF BONA FIDE PURCHASE IS LEGAL DEFENSE.—As it arises under the recording act, the defense of bona fide purchase without notice is a legal defense, in an action for withholding possession of land.

2—S. C. 115.

4. APPEAL AND ERROR — DEFENDANT, HAVING PRESENTED DEFENSE AS LEGAL, CANNOT ASSERT THAT IT WAS EQUITABLE.—Defendant having preferred a request with respect to the *bona fide* purchase without notice cannot assert that it was an equitable defense, not proper to be submitted to jury.

5. VENDOR AND PURCHASER — EVIDENCE HELD TO WARRANT FINDING PLAINTIFF'S POSSESSION WAS NOT SURRENDERED AND THAT DEFENDANT VENDEE HAD NOTICE.—In an action for withholding possession of lands, evidence that plaintiff locked the building, but left books therein, *held* sufficient to warrant finding that plaintiff's possession was not surrendered, and that defendant had notice sufficient to put him on inquiry.

6. VENDOR AND PURCHASER—DEFENSE OF BONA FIDE PURCHASE NOT AVAILABLE, WHERE THERE IS EVIDENCE OF NOTICE.—Where a purchaser had notice of facts sufficient to put him on inquiry, he is chargeable with knowledge of all facts which a reasonably diligent inquiry would have elicited, and cannot rely on *bona fide* purchase.

Before SHIPP, J., Fairfield, February term, 1917. Affirmed.

Action by William M. Cathcart, as administrator of the Estate of Jno. H. Cathcart, Deceased, against J. E. Matthews and J. E. McDonald, as Executors of Jno. P. Matthews, Deceased. From judgment for plaintiff, the defendant appeals.

For former appeals in this case, see 91 S. C. 464, and 105 S. C. 329.

*Messrs. McDonald & McDonald,* for appellants, cite: *This is old form of action to recover damages for wrongful invasion of the possession of the plaintiff; the gist of such action is the injury done to such possession:* 3 Elliott Evid., sec. 2649; 2 Greenleaf Evid., sec. 613. *Action to recover real property with or without damages, may be joined with action for rents and profits:* Sec. 218, Code Proc. 1912; *but evidence of latter not admissible on complaint that does not allege former:* 57 N. Y. 151; 29 Fed.

NOTE.—On the general rule as to effect of possession of land as notice of title, see note in 13 L. R. A. (N. S.) 51.

Rep. 830. *Mesne profits recoverable only after re-entry:* 28 A. & E. Enc. Law 596, 608; 19 Wend. (N. Y.) 507; 4 Harr. (Del.) 209; 3 Suth. Damages, sec. 991; 9 R. C. L. "Ejectment," subd. 108-11. *Defendant making entry in good faith liable only for rents and profits received:* 14 S. C. 292; 38 S. C. 440; 39 S. C. 239; 42 S. C. 528. *Possession of Cathcart was not constructive notice to Matthews:* Pom. Eq. Jur., vol. II, secs. 615, 620, 621, 622. *Requisites of possession:* 23 A. & E. Enc. L. 504, 505, 508; 22 S. C. 32; 31 S. C. 322; 91 S. C. 9. *Plaintiff should be estopped in equity from maintaining this action:* 45 S. C. 518; 79 S. C. 269. *Not set up in answer but unnecessary to plead it:* 27 S. C. 235; 81 S. C. 332. *Although it has been held that it is a legal defense:* 81 S. C. 332; 89 S. C. 393. *Estoppel will apply in such cases:* 4 Rich. Eq. 105; 9 S. C. 20; 22 S. C. 548; 57 S. C. 451; 67 S. C. 385; 67 S. C. 452; 81 S. C. 329; 93 S. C. 404; 95 S. C. 338; 97 S. C. 129. *Where legal title is vested in trustee, and such trustee conveys, the grantee having no knowledge of breach of trust or of declaration of trust, the grantee took good title:* Perry Trust (1st Ed.), secs. 334, 335; 1 Strob. 45. *If grantee knew of breach of trust she became a constructive trustee and upon entry of cestui que trust into possession such possession would be deemed to be permissive and in subordination to legal title, unless he gave notice of disavowal of trust relationship:* 1 Cyc. 1039; 35 S. C. 609; 36 S. C. 56; 36 S. C. 322; 42 S. C. 50; 42 S. C. 63; 77 S. C. 129; 78 S. C. 513. *Adverse possession must be with intention to hold adversely:* 1 A. & E. Enc. Law 789-91; 2 Bail. 603; Harp. 419; 2 McC. 289; 3 McC. 322; 90 S. E. 152 (N. C.); 90 S. E. 661 (Va.); 13 S. C. 599-600; 35 S. C. 431; 103 S. C. 460. *Purchaser with notice from a grantor who had no notice will be protected:* 2 Perry Trusts, sec. 830; 17 Am. St. Rep. 281; 23 S. C. 494; 60 S. C. 172; 6 Rich. Eq. 176-77. *Law will presume that Matthews' grantor was a bona fide purchaser for value:* 1

Greenleaf Evid., sec. 23; 17 Am. St. Rep. 281; 34 S. C. 533; 60 Miss. 636.

*Messrs. Jas. W. Hanahan* and *Glenn W. Ragsdale,* for respondent, cite: *Measure of damages against a trespasser is rental value:* 6 Rich. Eq. 302; 2 Strob. Eq. 157; 42 S. C. 528; 16 S. C. 481; 14 S. C. 307. *Against one lawfully in possession the measure is rents and profits received, with duty to account, and if he fails to account then he is liable for rental value:* 53 S. C. 350; 82 S. C. 256; 90 S. C. 21; 70 S. C. 220; 13 Rich. L. 59; 1 Greenleaf Evid. (9th Ed.), vol. II, sec. 635; Hale Damages, sec. 149, p. 357; A. & E. Enc. Law, vol. X, p. 356. *In old action of ejectment nominal damages could be recovered; a subsequent action of trespass for mesne profits being allowed:* 10 A. & E. Enc. Law, pp. 535-6-7; 13 Rich. L. 59; 28 A. & E. Enc. L. 595; 39 Cyc. 1134. *Plea of bona fide purchaser for value without notice is affirmative, and burden of proof is on him who desires benefit of it:* 93 S. C. 167; 16 S. C. 579; 57 S. C. 35; 59 S. C. 137; 93 S. C. 404.

October 11, 1920.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This is the third appeal. The facts are stated in the opinion on the last appeal (105 S. C. 329, 89 S. E. 1021), and need not be repeated. On the last trial, the jury found a verdict for plaintiff for $1,000, and from judgment thereon defendants appealed.

The exceptions cover 12 pages of the record. They are so prolix and multifarious as to make it difficult to analyze or classify them. To consider them in detail would require an opinion of great length, which would serve no useful purpose.

There was no error in admitting testimony as to the rental value of the property in dispute. We held on the last appeal

that the action could not be sustained as one for rents and profits, but it does not follow from that that the rental value of the property could not be proved as a measure of the damages for withholding the possession thereof, from plaintiff's intestate. The verdict is conclusive of the fact that defendants' testator was a trespasser, against whom rental value may be proved as an element of actual damages. *Rabb v. Patterson,* 42 S. C. 528, 20 S. E. 540, 46 Am. St. Rep. 743, and cases cited; *Shired v. Nesbit,* 90 S. C. 20, 72 S. E. 545.

Matthews claims title as a *bona fide* purchaser for value without notice of the claims of John H. Cathcart. He based that defense both upon the allegation that his grantor, Elizabeth Cathcart, was such a purchaser, and that he himself was such. The Court correctly instructed the jury as to both grounds of defense, in language too plain to be misunderstood. They were told that, if Elizabeth Cathcart was such a purchaser, Matthews having acquired her title, the verdict must be for defendants, unless John H. Cathcart afterwards acquired title by adverse possession before Matthews bought it. When the Court came to instruct the jury as to the defense that Matthews himself was such a purchaser, he told them, in response to one of plaintiff's requests, that if they should find that, at the time that Matthews acquired Elizabeth Cathcart's title, he had notice of such circumstances relating to John H. Cathcart's claim as would be sufficient to put a reasonable prudent man on inquiry, he would be chargeable with such notice as reasonably diligent inquiry would have disclosed. The contention that this instruction eliminated the first ground of defense—that Matthews had the right to stand upon the validity of his grantor's title—is untenable. The jury had been instructed, time and again, that if Elizabeth's title was good, the verdict must be for defendants. They were so instructed afterwards, in response to some of defendants' requests, so plainly that they could not have misunderstood

the instruction here complained of, or been misled by it.
Besides, after giving the requests of both sides, the Court
admonished the jury that they must be considered in con-
nection with each other and the charge as a whole, as all the
law applicable to the case could not be stated in a single
proposition.

There was no error in submitting to the jury the defense
of *bona fide* purchaser for value without notice.   We held
on the former appeal that it was a legal defense, because it
arose under the recording act.   Besides, defendants
preferred requests with respect to that defense, which
were given; hence, even if that were an equitable
defense to be heard by the Court, defendants would not be
heard to complain, because it was submitted to the jury at
their request.   There is no force in the contention that that
defense was reserved, as an equitable defense, by the order
of Judge Moore at the first trial.   That order was reversed
on the first appeal (91 S. C. 464, 74 S. E. 985, Ann. Cas.
1914a, 36), and on the second appeal we held that it was a
legal defense, because it arose under the recording act.

Nor was there error in the charge as to the law existing
at the time of these transactions with respect to possession
as affording notice of the rights of the party in possession.
Appellants contend that, when Matthews entered, the
possession was vacant, that is; that no one was in
actual possession.   That was an issue of fact which
was submitted to the jury, on proper instructions as to when
a possession might be said to be vacant.   There was testi-
mony that John H. Cathcart had been in actual possession
of the storehouse for a long time before Matthews bought;
that his possession was open and notorious, and in fact
known to Matthews; that he left the store closed and locked,
and left some books in it, which were thrown out, when
Matthews entered.   This testimony warranted the inference

that his possession had not been surrendered or abandoned, and it was sufficient to put Matthews on inquiry as to his rights, and warranted the inference that Matthews invaded his possession; otherwise we could not have held, as we did, on both the former appeals that the action could be sustained as one for trespass upon his possession.

As to the defense that Elizabeth Cathcart was a *bona fide* purchaser, whose title Matthews acquired and had the right to stand on, the Court correctly charged the jury, in accord with the decision of this Court on the former appeal, that the law would indulge the presumption, after the lapse of so great a time, that there was no breach of trust in the conveyance to her, and that she was a *bona fide* purchaser without notice of John H. Cathcart's rights under the declaration of trust; also that there was a presumption that his possession thereafter was in subordination to the legal title. But he also told them, and correctly, that these presumptions were rebuttable, and that the burden was on plaintiff to prove that the subsequent possession of John H. Cathcart was adverse to the holder of the legal title. Appellants contend that there was no testimony tending to prove that Elizabeth Cathcart had notice of the rights of John H. under the declaration of trust, when she purchased the title, or that his possession subsequent to the conveyance to her was adverse to her. While there was no testimony that she had notice of the existence of the declaration of trust, there was testimony sufficient to put her on inquiry as to John H. Cathcart's right in the property—very much the same that we have held to be sufficient to put Matthews on inquiry, when he purchased, and the testimony was sufficient to sustain the verdict.

We have considered the charge carefully, and find no error in it, or in any ruling complained of.

Judgment affirmed.