15396

EPWORTH ORPHANAGE *ET AL. v.* LONG *ET AL.*

(19 S. E. (2d), 481)

December, 1940.

Mr. *Carlisle Roberts,* of Columbia, S. C., and Mr. *Charlton DuRant,* of Manning, S. C., for appellants,

*Mr. Randolph Murdaugh,* of Hampton, S. C., for respondent,

March 31, 1942.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE STUKES.

For convenience the following is quoted from the statement in the agreed Transcript of Record in this case:

"This action was commenced by service of the summons and complaint in the Court of Common Pleas for Beaufort County·in October, 1939. The complaint alleges a cause of action in equity against the executors and trustees of a testamentary trust, all the beneficiaries of said trust being made parties. The complaint alleges that the time for distribution of the trust corpus has arrived but that the sole surviving executor and trustee has failed and refused to pay over to the beneficiaries more than a part of the trust corpus, giving as his reason for not paying over the corpus in full the failure of a certain bank or banks in which he states that he and his co-executor and executrix had deposited said funds; the complaint further alleges that the aforesaid deposits were wrongfully made in certain commercial banks by the trustees in breach of their duties as such; the complaint further alleges that certain funds belonging to the trust are now on deposit in The Peoples Bank of Beaufort, which is made a party defendant, but that the said The Peoples Bank of Beaufort wrongfully refuses to recognize its liability on account of said deposit and that said bank at all times knew the trust character of said deposit; an accounting is asked for against each of the defendants of their acts and doings in connection with the said trust fund, distribution of the trust corpus among the beneficiaries is prayed for, and judgment asked in favor of the respective beneficiaries against the defendants for such amounts as they may be shown to be respectively liable.

"In due time the defendant, The Peoples Bank, demurred to the complaint upon various grounds set out therein. Arguments on the demurrer were heard by Hon. J. Strom Thurmond, presiding Judge, at the December, 1940, term of the Court of Common Pleas for Beaufort County and his decision reserved. Under date of May 1, 1941, Judge Thurmond handed down his order sustaining the demurrer of The Peoples Bank on the ground that the complaint failed to state a cause of action against the defendant, The Peoples Bank, and dismissed the complaint as to the defendant, The Peoples Bank."

The order, from which the plaintiffs appeal, is short but states that it was granted upon the Court's conviction that the complaint fails to state a cause of action against the demurring defendant, The Peoples Bank, the respondent here. It submits a sustaining ground as a part of its brief to the effect that the complaint shows no joint liability on the part of the respondent and the other defendants on which account there is a misjoinder. This ground to sustain the order does not appear in the record and on that account is not entitled to consideration (Rule 4, Section 7, of this Court), but in view of what will be said it is not meritorious.

Paragraph Thirteen of the complaint contains express reference to the respondent, as follows: "13. That the plaintiffs are informed and believe that certain funds belonging to the trust directed to be set up under Item Eight (8) of the will of the said George Holmes are now on deposit in The Peoples Bank of Beaufort, South Carolina, defendant herein, but that the said The Peoples Bank of Beaufort, South Carolina, wrongfully refuses to recognize its liability on account of said deposit, and that said Bank at all times knew the trust character of said deposit."

Respondent relies upon the undoubted general rule that ordinarily a *cestui que* trust cannot sue a third person for the recovery of the trust estate or part of it, such right being vested in the trustee, and asserts that the

alleged deposit in the bank created merely a debtor-creditor relationship between the bank and the trustees which cannot be made the basis of an action by the plaintiffs. There are recognized exceptions to the rule which need not be adverted to in the consideration of this case, which latter we think is such that does not come within the rule.

It seems to us that the problem is plainly subject to Section 404 of the Code of 1932, particularly this portion of its language: "Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved therein  *  *  * ."

Trusts have long and broadly been a field for the jurisdiction of equity. "Lord Coke stated (4 Institute, 84) that trusts were within the jurisdiction of the court of chancery  *  *  *. However this may have been, it is held at the present time that courts of equity may take cognizance of cases involving trusts and furthermore that equity jurisdiction thereover is exclusive." 19 Am. Jur., 152. From pages 154, 155 of the same volume of that work we further quote: "If the specific subject matter of a trust has been disposed of by the trustee and its identity is traceable into substituted property or funds, a suit in equity may be maintained to enforce a trust therein, unless it has passed into the possession of an innocent purchaser. *The rule is that equity will follow the fund regardless of where it may be found.*" (Emphasis added.)

And from 26 R. C. L., 1362, the following "A court of equity will enforce a trust against all persons who with notice of the trust may come into possession of the trust property, in the same manner and with like force and effect as against the original trustee. Wherever property is conveyed or transferred by the trustee not in the course of executing and carrying into effect the terms of an express trust, or where it devolves from a trustee to a third person who is a mere volunteer, or a purchaser with actual or constructive

notice of the trust, the rule is universal that the heir, devisee, successor, or other voluntary transferee, or such purchaser with notice, acquires and holds the property subject to the same trust which before existed, *and becomes himself a trustee for the original beneficiary.*" (Emphasis again added.)

The case of *National Bank v. Insurance Co.,* 104 U. S., 54, 66, 26 L. Ed., 693, is an interesting one upon the general subject and involves the accountability of a bank to a *cestui* for trust funds deposited, and that high Court had this to say, fortifying it with numerous authorities: "But although the relation between the bank and its depositor is that merely of debtor and creditor, and the balance due on the account is only a debt, yet the question is always open, To whom in equity does it beneficially belong? If the money deposited belonged to a third person, and was held by the depositor in a fiduciary capacity, its character is not changed by being placed to his credit in his bank account."

To the same effect is 65 C. J., 970, Section 894: "When trust money has been deposited in a bank, the trust attaches to the account or debt by the deposit, which the *cestui que* trust may enforce, as long as the fund remains unwithdrawn."

Apparently the Court below overlooked the facts alleged in the complaint that the life beneficiary of the trust had died and the remaining duties of the sole surviving trustee consist of accounting for and distributing the trust property to the beneficiaries in remainder and all of them are parties to the action, so the case presented is not one of a "going concern" trust and a *cestui* attempting to usurp the ordinary function of the trustee to recover by action, if necessary, the *trust res,* or a portion of it. As stated, the action is for distribution as well as accounting and properly includes, we think, all persons who have or claim any interest in the trust and the *res.*

Long before the adoption in this State of the Code (1870), including the above cited section, our Courts of equity had indicated by their decisions the propriety of the

instant action. *Fogg v. Middleton,* 1837, 2 Hill Eq., 591, a case lost by the famous Pettigru and involving indirectly the estate of Arthur Middleton, well therein described as "the illustrious signer of the Declaration of Independence, and its vindicator with his sword." In *Bush v. Bush,* 1849, 3 Strob. Eq., 131, 51 Am. Dec., 675, the same principle was applied, and the Court said, referring to the defendant: "Having then full notice of the equitable interests of the plaintiff, he cannot be permitted to shelter himself under a legal title thus acquired. Obtaining the legal title with knowledge of the trust, he becomes himself the trustee."

Later, in the case of *Rabb v. Patterson,* 42 S. C., 528, 20 S. E., 540, 543, 46 Am. St. Rep., 743, it was held and said as follows: "To enable the present plaintiffs to recover this fund from the estate of Giles J. Patterson, deceased, no privity need exist. It is the old case of a trust fund being taken possession of by one not entitled to hold it. When the trustee or *cestui que* trust who is entitled to hold it, comes and sues for it, they are entitled to a judgment for its recovery." Likewise this Court said in *Neal v. Bleckley,* 51 S. C., 506, 29 S. E., 249, 257, quoting from Perry on Trusts: " 'If the trustee convey the property to a third person with notice of the trust, or without consideration, such third person may be sued by the *cestui que* trust, and must be joined with the trustees, in a suit for relief by the *cestui que* trust.' "

The order appealed from is reversed, the demurrer to the complaint overruled and the respondent, The Peoples Bank, is allowed twenty (20) days from the filing of the remittitur herein in the Circuit Court to serve its answer, if it be so advised.

Mr. Chief Justice Bonham, Messrs. Associate Justices Baker and Fishburne and Circuit Judge G. B. Greene, Acting Associate Justice, concur.