**ALLIED MUTUAL INSURANCE COM-PANY, Appellee,**

v.

**Gilbert ROBERSON, Appellant.**

**Gilbert ROBERSON d/b/a State Insurance Company, Appellant,**

v.

**ALLIED MUTUAL INSURANCE COM-PANY, Appellee.**

**No. 8556.**

United States Court of Appeals
Fourth Circuit.

Argued April 3, 1962.

Decided June 1, 1962.

William A. Dallis and J. Reese Daniel, Columbia, S C. (Cooper & Gary, Columbia, S. C., on brief), for appellants.

David W. Robinson, II, Columbia, S. C. (Robinson, McFadden & Moore, Columbia, S. C., on brief), for appellee.

Before SOPER, BRYAN and BELL, Circuit Judges.

J. SPENCER BELL, Circuit Judge.

This is an appeal from judgments entered in two actions by the court below. The cases arose out of the termination of a general insurance agency covering the State of South Carolina operated by Gilbert Roberson d/b/a State Insurance Service for Allied Mutual Insurance Company. The Company brought suit in the District Court against Roberson for an accounting on premiums which he had 'collected from sub-agents and were alleged to be held in trust for the Company; Roberson counterclaimed for breach of agency contract. An action instituted in the state courts of South Carolina by Roberson against the Company was removed to the District Court. The issues joined in the two actions were identical.

By consent of counsel the two actions were consolidated for trial and referred to a Special Master. The Master found for the Company and the Court approved the Master's report, adopting his findings of fact and conclusions of law. Judgment was entered for the Company against Roberson in the sum of $18,-679.69 with interest and costs.

Roberson became General State Agent for the Company sometime in 1951 and as such he performed the usual duties of generating business, setting up local agents, and supervising the Company's underwriting and accounting policies. At the time his agency was terminated it was the practice of local agents throughout the state to remit premiums to Roberson, who deducted his overriding commission and remitted the balance to the Company. In 1955 Roberson began to fail to remit his monthly balances within the seventy-five days specified in his contract. This practice continued until May of 1957 when the Company put into effect over Roberson's objections a change which required local agents to remit directly to the Company, thus bypassing the agency. Except for these changes in the practices of billing, re-

mitting, and referring claims to Company designated Adjusters, the Company did not interfere with Roberson's relationships with the local agents, nor did it intend to terminate his agency. Roberson, however, would not cooperate in the new arrangement and refused to remit the premiums then on hand. After notifying him, the Company terminated the agency and brought suit for the premiums.

The appellant now seeks review of the case upon the following two questions:

■ 1. Whether the Company breached its general agency agreement with Roberson by putting into effect over his objections the changes in billing and remitting procedure with the local agents.

2. Whether Roberson is entitled to renewals after the breach of contract by the Company.

The report of the Special Master carefully examines the evidence put before him and sets out in detail his findings of fact and conclusions of law. The Court adopted these findings and conclusions *in toto*. Not only do we find no clear error in the Court's judgment but after examining the record of the testimony and the documents before the Special Master, we conclude that his factual findings are abundantly supported on the record.

Both parties to the action agreed that Roberson operated a general agency for the Company and that their relationship was dependent not only upon the written document, which was the same form that had been used between them when Roberson operated only a local agency, but also upon the general practices of the industry and the particular practices which had grown up between the parties. The Company had originally billed the local agents directly and they had remitted directly to the Company; indeed Roberson as a local agent had engaged in such practice. Roberson as a general agent acquired no vested interest in the subsequent change of practice by

which the local agents remitted to him and he deducted his overriding commission and remitted the balance to the Company. Certainly the written contract did not give Roberson any such right nor did he testify to such an agreement. The mere existence of a particular manner of doing business by a principal does not vest in an agent any right to prohibit its change—nothing else appearing. Nor could it be argued that the right to collect the premiums was a material inducement to Roberson to enter into the relationship since the practice was not put into effect until after he had become a general agent.

■■ The second question must also be answered against the appellant. It is well settled that absent any express agreement between the parties, and there was no such agreement here, an agent is not entitled to renewals after his agency is lawfully and properly terminated. No case deciding this point is to be found in South Carolina. But see Fass v. Atlantic Life Ins. Co., 105 S.C. 107, 89 S.E. 558 (1916); Wallman v. United Casualty Co., 147 F.2d 636 (3 Cir. 1945). The great weight of authority is to this effect. See 163 A.L.R. 1470, 1472; 136 A.L.R. 160, 167; 79 A.L.R. 475. Even absent Roberson's failure and express refusal to account, the Company had a right to cancel the agency since the contract provided that it could be cancelled at any time by either party on written notice to the other. V. L. Phillips & Co. v. Pennsylvania Threshermen, 199 F.2d 244 (4 Cir. 1952) cited by Roberson is not in point. It deals with expirations, not renewals. Under the written terms of this contract the agent was not entitled even to his expirations since he failed to account for premiums collected and past due in accordance with the terms of the agreement. The Special Master found that the Company had not used Roberson's expirations although he, in failing to account, had forfeited his right to them.

On November 29, 1961, judgment was entered in the District Court in favor of Allied for $18,679.69 with interest and

costs, from which Roberson appealed. On December 27th, execution was issued. This record does not show any return thereon. On January 4, 1962, Allied's attorneys moved the District Court for an order requiring Roberson to turn over either to Allied or to the Clerk the amount of the judgment, arguing that the same constituted trust funds in his hands to which they were entitled. This order was denied by the Court on January 30th on the grounds that Allied had failed to follow the procedure outlined in Rule 69, F.R.Civ.Procedure, 28 U.S.C.A. This record does not inform us of what steps, if any, Allied took beyond causing the execution to be issued to collect its judgment before petitioning the Court for the order referred to above, nor what possible action on the Company's part the Court had in mind in denying the motion.

Subsequent to the entry of judgment below and pending this appeal, Roberson has commenced ten suits against Allied in the state courts of South Carolina, and in aid of these actions has attached the judgment in this action. In each of those suits Roberson seeks $9,500.00 in damages against the Company for interfering with his relationship with one of the sub-agents referred to in his counterclaim herein. In a letter to the Insurance Commissioner of Missouri, he has indicated his intention of bringing ninety more such suits involving separately all of the sub-agents which Roberson had when the Company cancelled his agency. Allied has filed a petition with this Court asking that Roberson be enjoined from further pursuing the actions which he has commenced and from filing the threatened actions. At the hearing before The Honorable Clement F. Haynsworth, Circuit Judge, United States Court of Appeals for the Fourth Circuit, the parties agreed that no new State actions would be commenced and that proceedings in all pending actions would be stayed until the decision in this Court on the motion.

We hold that the District Court has the authority under the provisions of 28 U.S.C.A. § 2283 to protect and effectuate its judgment herein by granting an injunction against Roberson barring him from continuing to prosecute the ten pending actions in the Courts of South Carolina and from commencing any other actions growing out of the matters which were the subject of Civil Actions Nos. 6308 and 6450. An examination of the complaints in the state court actions makes it clear that they involve identical parties and causes to the counterclaims herein adjudicated. Lee v. Terminal Transport Co., 282 F.2d 805 (7 Cir. 1960), cert. denied 365 U.S. 828, 81 S.Ct. 713, 5 L.Ed.2d 705; Williams v. Pacific Royalty Co., 247 F.2d 672 (10 Cir. 1957).

Accordingly, the judgments of the District Court will be affirmed and the case will be remanded to the District Court in order that it may consider the motion for injunction under 28 U.S.C.A. § 2283, and such other proceedings as may be brought before it for protecting and effectuating the judgment under 28 U.S.C.A. § 1651(a).

Affirmed and remanded for further proceedings.