In re **ALLIED MUTUAL INSURANCE COMPANY**, Plaintiff,

v.

Gilbert **ROBERSON**, Defendant.

Gilbert **ROBERSON**, d/b/a State Insurance Service, Plaintiff,

v.

**ALLIED MUTUAL INSURANCE COMPANY**, Defendant.

**ALLIED WESTERN MUTUAL INSURANCE COMPANY**, a corporation, Plaintiff,

v.

Gilbert **ROBERSON**, Ida Mae Roberson, Rosanne Roberson and First Citizens Insurance Corporation, a corporation, Defendants.

Civ. A. Nos. 1030, 6308, 6450.

United States District Court
E. D. South Carolina,
Columbia Division.

July 30, 1963.

David W. Robinson, II, Robinson, Mc-Fadden & Moore, Columbia, S. C., for plaintiff.

Vernon R. Scott, Marion L. Powell, Columbia, S. C., for defendant First Citizens Ins. Corp.

WYCHE, District Judge.

This is a supplemental action to enforce the collection of judgments entered by this Court in two actions captioned "Allied Mutual Insurance Co. v. Gilbert Roberson" and "Gilbert Roberson, d/b/a State Insurance Service v. Allied Mutual Insurance Co.," C/A Nos. 6308 and 6450. Those actions arose out of the termination of the general insurance agency of Gilbert Roberson, d/b/a State Insurance Service, as South Carolina State Agent for Allied Mutual Insurance Company (plaintiff's predecessor in title). Allied brought suit in this Court against Roberson for an accounting of premiums collected by Roberson from subagents and not remitted. Roberson counterclaimed for breach of the agency contract. A similar action instituted by Roberson against Allied in the State Court was re-

moved to this Court. Since the issues raised in both suits were identical, they were consolidated by consent of counsel and referred to a Special Master.

The Special Master found for the insurance company and his findings of fact and conclusions of law were approved and adopted by the Honorable George Bell Timmerman, United States District Judge for the Eastern District of South Carolina, on November 28, 1961. Judgment for Eighteen Thousand, Six Hundred, Seventy-Nine and 69/100 ($18,679.-69) Dollars, plus interest and costs, representing the insurance premiums withheld, was entered against Roberson. This judgment was affirmed by the United States Court of Appeals for the Fourth Circuit on June 1, 1962 (306 F.2d 130).

Thereafter in September, 1962, Allied instituted supplemental examination of Roberson to determine the disposition of the premiums and the collectibility of the judgment. On November 9, 1962, Roberson was ordered to turn over to Allied all of the assets owned by him individually, consisting solely of 418 shares of stock in the First Citizens Insurance Company of a value of $1.30 per share. The value of this stock ($543.40) was credited against accrued interest on the judgment and thereafter a Writ of Execution against Roberson was returned *nulla bona.*

This action was instituted by Allied on December 17, 1962, against Roberson, his wife and daughter, and First Citizens Insurance Corporation. The matter is before me on motions for Summary Judgment, under Rule 56, by Allied against First Citizens Insurance Corporation, and for Summary Judgment by that corporate defendant against Allied, which was made orally with consent of counsel. The motions are based upon the proceedings in the prior cases, depositions of Gilbert Roberson and interrogatories propounded to the defendants.

The record is uncontradicted as to the material facts. Prior to May, 1957, Gilbert Roberson, d/b/a State Insurance Service, was general State Agent for Allied, selling its automobile casualty insurance through his numerous subagents across South Carolina and collecting and remitting to Allied the premiums from such sales. In May, 1957, Roberson's relationship with Allied was terminated. Roberson testified that while, as a result of this termination, his general agency business was severely restricted, he continued the general agency in existence and continued to write the same type of business through other companies.

Roberson further testified that of the Eighteen Thousand, Six Hundred, Seventy-Nine and 69/100 ($18,679.69) Dollars, in premiums due Allied, he collected Seventeen Thousand, One Hundred, Seventy-Nine and 69/100 ($17,179.69) Dollars, from his subagents. He stated that these premiums were spent in his agency business over a period of time following the termination of his relationship with Allied. This testimony was uncontradicted.

In April, 1958, during the pendency of the two prior actions, Roberson formed the First Citizens Insurance Corporation, which later became a holding company for a fire and casualty company, a discount company, and a life insurance company. According to his testimony and First Citizens' answers to interrogatories, Roberson transferred his general agency, known as State Insurance Service, to First Citizens in exchange for stock in that company. The general agency consisted of office supplies and printed matter, furniture, fixtures and equipment, and agency plant and files (goodwill) of a net value of $39,970.00, for which Roberson received 3,977 shares of stock in the company, valued at $10.00 per share.

At the time of this transfer, Roberson was the President and principal officer, promoter, principal stockholder and director of First Citizens. He was still the company's president and a director at the time of his testimony regarding the transfer of State Insurance Service and the formation of First Citizens Insurance Corporation. His testimony in this regard is uncontradicted.

I find the facts specially and state my conclusions of law thereon as follows:

## FINDINGS OF FACT

1. This Court has jurisdiction of the parties and of the subject matter of this action.

2. There is no material issue of fact in dispute.

3. Gilbert Roberson, d/b/a State Insurance Service, collected from his sub-agents $17,169.69 in premiums due Allied Mutual Insurance Company (plaintiff's predecessor in title). These premiums represent most of the judgment against Gilbert Roberson for $18,679.69 in Civil Actions Numbers 6308 and 6450.

4. Prior to April, 1958, these premiums were invested by Gilbert Roberson in his general agency business known as State Insurance Service.

5. In April, 1958, Gilbert Roberson transferred to First Citizens Insurance Corporation his general agency business known as State Insurance Service in exchange for common stock of the Company. At that time the net assets of the general agency transferred to First Citizens Insurance Corporation had a value of $39,970.00. These assets contained the converted insurance premiums which had been invested by Gilbert Roberson in the business.

6. At the time of the transfer of State Insurance Service to First Citizens Insurance Corporation, Gilbert Roberson was president and principal officer, stockholder and director of that company. He was also the company's promoter.

7. First Citizens Insurance Corporation has failed to comply with Rule 56(e) by setting forth by affidavits or otherwise specific facts showing that there is a genuine issue for trial.

## CONCLUSIONS OF LAW AND OPINION

First Citizens challenged the jurisdiction of this Court because of the plaintiff's failure to comply with Rule 15(d) of the Federal Rules of Civil Procedure, which requires a court order authorizing supplemental pleadings. However, I am satisfied that this Rule was never intended to apply to supplemental proceedings at equity, such as this, to enforce the collection of a judgment. Rather, the Rule was intended to apply to supplemental pleadings presenting new matter relating to the merits of the claim which had occurred subsequent to the original pleadings. See, 3 Moore's Federal Practice, pp. 857–861. This proceeding is in reality an equitable execution to enforce the original claim. Cf. Empire Lighting Fixture Co. v. Practical Lighting Fixture Co., 20 F.2d 295 (CA 2, 1927); 3 Moore's Federal Practice, pp. 1830–1838.

In any event there has been no showing that First Citizens has been prejudiced by any failure to comply with the Rule and I am of the opinion that such a failure is not, in itself, fatal to the jurisdiction of this Court.

In my opinion, the premiums collected by Roberson were held in trust by him for Allied. While the decision of this Court to that effect in the two prior actions, affirmed by the Court of Appeals, may not be binding on First Citizens, it is ample precedent for my conclusion. Other courts have consistently held under similar circumstances that premiums collected by an insurance agent constitute trust funds held for the benefit of the insurance company. American National Bank of St. Paul v. National Indemnity Co., 222 F.2d 513 (CA 8, 1955); Robertson v. Malone, 190 F.2d 756 (CA 5, 1951); Bushnell v. Mitchell, 160 F.Supp. 608 (S.D.Alabama, 1958); Alliance Ins. Co. v. City Realty Co., 52 F.2d 271 (D. Georgia, 1931); 16 Appleman Ins. Law & Practice, Section 8786, pp. 224, 225.

It is my opinion that First Citizens, as recipient of this trust property, is liable to Allied. These funds had been converted into assets of the general agency, which First Citizens received and retained with notice of their trust character. The fact that First Citizens paid value (common stock) for the assets is of no moment. The principle is well established in South Carolina that a pur-

chaser of trust property for value who has notice of its trust character takes the same as Trustee, subject to the interest of the trust beneficiary. Epworth Orphanage, et al. v. Long, et al., 199 S.C. 385, 19 S.E.2d 481 (1942); Folk v. Hughes, 100 S.C. 220, 84 S.E. 713 (1915); Rabb v. Patterson, 42 S.C. 528, 20 S.E. 540 (1894); McDuffie v. McIntyre, 11 S.C. 551 (1879).

The rule is not different where, as here, the trust funds have been converted into other property. " 'If the specific subject matter of a trust has been disposed of by the trustee and its identity is traceable into substituted property or funds, a suit in equity may be maintained to enforce a trust therein, unless it has passed into the possession of an innocent purchaser. *The rule is that equity will follow the fund regardless of where it may be found.*' " Epworth Orphanage, et al. v. Long, et al., supra, 199 S.C. page 389, 19 S.E.2d 482.

■■ First Citizens contends that it had no notice of the trust character of the property it received. However, at the time of the transfer Roberson, as its President, General Manager, principal stockholder and Director, was the dominant force in the company. He had full authority to act for the corporation and was so acting with regard to the transfer. These circumstances furnish the strongest case for charging the corporation with notice of a matter known to its agent. Webb. v. Graniteville Manufacturing Co., 11 S.C. 396 (1879); Mordecai v. Seignious, 53 S.C. 95, 30 S.E. 717 (1898); Petroleum Royalties Co. v. Hartford Acc. & Ind. Co., 106 F.2d 440 (CA 10, 1939); Flannery v. Flannery Bolt Co., 108 F.2d 531 (CA 3, 1939); Elmer Co. v. Kemp, 67 F.2d 948 (CA 9, 1933). See also, Aiken Pet. Co. v. Nat. Pet. Underwriters, 207 S.C. 236, 36 S.E.2d 380 (1945). Especially does this rule apply where the recipient corporation has received and retained the benefit and use of the trust property, as has First Citizens. 4 Bogart Trusts and Trustees 57. See also, Porter v. Beha, 8 F.2d 65 (S.D. N.Y.1925).

■■ Neither is Allied limited in its remedy, as First Citizens contends, to pursuit of the stock which Roberson received for the general agency assets and which he subsequently transferred to his wife and daughter (with the exception of the 418 shares Allied has acquired). The beneficiary of a trust may enforce its terms either by following the original trust property or by claiming the assets for which the original trust property has been substituted. III Scott on Trusts, 2d Ed. pp. 2171–2174; IV Scott on Trusts, 2d Ed. p. 3250. In this instance Allied is simply following the original trust funds, as converted into the agency plant into the hands of First Citizens, a purchaser with notice.

■ Finally, First Citizens argues that Allied is guilty of laches and prejudicial delay in bringing this claim against it. The record will not support this contention. In the prior actions, Roberson claimed damages of $300,000.00 against Allied and the right of offset against the withheld premiums. These claims had to be resolved before Allied could follow the trust funds. Judgment for Allied on these claims was not ordered until November 28, 1961, and not affirmed until June 1, 1962. Shortly thereafter, Allied commenced supplemental examination of Roberson and in December, 1962, brought this action. No laches or undue delays existed.

Based upon the foregoing Findings of Fact, Conclusions of Law and Opinion, I am of the opinion that pursuant to Rule 56, the motion of Allied Western Mutual Insurance Company for summary judgment against First Citizens Insurance Corporation for Seventeen Thousand, One Hundred, Seventy-Nine and 69/100 ($17,179.69) Dollars, should be granted, and that the motion of First Citizens Insurance Corporation for summary judgment against Allied Western Mutual Insurance Company should be denied.

Entry of appropriate judgment is directed accordingly, and

It is so ordered.