STATE *EX REL.* SNELLING v. TURNER.

1. Where a sheriff, after paying the taxes for which he sold the land under a tax execution, holds in his hands a surplus which the law requires him to pay over to the defaulting taxpayer, such person has an adequate legal remedy by action against the sheriff to recover this surplus money, and therefore *mandamus* will not lie.
2. Mandamus is not demandable as of right, but the grant of it rests to some extent in discretion, and will not be granted to require a sheriff to pay to relator a sum of money which is also claimed by other parties not before the court.

Application to this court in its original jurisdiction for a writ of mandamus. The opinion states the case.

*Messrs. P. A. Emanuel* and *J. S. Muller*, for relator.

*Messrs. Henderson Bros.*, contra.

March 21, 1890. The opinion of the court was delivered by

MR. JUSTICE MCIVER. This is an application, addressed to this court in the exercise of its original jurisdiction, for a writ of *mandamus* to compel the respondent to pay over to the relator a certain sum of money alleged to be in his hands as sheriff, to which the relator claims he is entitled. The allegations upon which the claim of the relator is based are, in brief, as follows: That a certain tract of land, which had been listed for taxes in the name of the relator, was sold by the predecessor in office of respondent for default in the payment of taxes thereon, for a sum more than sufficient to pay the taxes in arrear, and all costs and expenses of the sale, leaving in the hands of the former sheriff a considerable sum of money, to which the relator claims that he is entitled, under the provisions of the second section of the act of 1887 (19 Stat., 863), and that, when the former sheriff went out of office, he turned over to respondent, as his successor in office, the said sum of money, who thereby became liable to pay the same to the relator under the provisions of said act. The return of respondent admits the receipt of the money from his predecessor, with notice, however, that it was claimed by other parties, and states that he also had received similar notice from third persons, and that, not being able to determine these conflicting claims, he has, by advice of counsel, declined to comply with relator's demand that the money be paid over to him.

It seems to us that the relator has mistaken his remedy. The writ of *mandamus* will not be issued where there is a plain, specific, and adequate remedy by an ordinary action, and this is just such a case. The claim of the relator is an ordinary money demand for a specific and ascertained amount, and we see no reason why, under proper allegations and sufficient proofs, he could not by an ordinary action obtain the same relief which he is now

seeking by *mandamus*, to wit, the payment of the money alleged to be in the hands of respondent belonging to the relator. It is true that in modern times the remedy by *mandamus* has been extended to cases in which it formerly could not have been applied, as may be seen by the case of *State ex rel. Townsend* v. *McIver* (2 S. C., 25), and the cases therein cited, so that the remedy can now be obtained in some cases, even though the relator may also be able to maintain an action; but those are cases where the damages are unliquidated, or cases in which the rights or interests of the public are in some way involved, or cases where the thing sought to be obtained has some peculiar or special value outside of its mere pecuniary market value. This case, however, does not fall within any of these classes. The claim here is for a specific sum of money, due to a private individual, in which the public have no concern, and we do not see why a judgment for such sum of money would not answer all the ends attainable by *mandamus*.

But again, the writ of *mandamus* in this country is not demandable as of right, but the grant of it rests, to some extent, in the discretion of the court; and when the court sees that there are *bona fide* contesting claimants to a sum of money in the hands of the sheriff, who cannot be made parties to the proceedings in *mandamus*, so that these conflicting claims may be heard and determined (*State ex rel. Scott* v. *Smith*, 7 S. C., 275), it seems to us a proper case for the exercise of discretion is presented, and that the writ should be refused and the relator remitted to his remedy by an ordinary action, where all parties concerned may be brought in, and all controversies finally determined, so that the sheriff may be fully protected in paying out the money in his hands. We have not, therefore, deemed it necessary, or even proper, to consider the merits of these conflicting claims, but simply decide that *mandamus* is not the appropriate remedy in this case, leaving the parties to litigate their claims, without prejudice, in such form as they may be advised.

The judgment of this court is, that the petition be dismissed, without prejudice to the right of the relator to institute such other proceeding as he may be advised will be proper for the recovery of the money claimed by him.