### 7627

### STATE *EX REL.* M'INVAILLE v. ROUSE.

1. APPEAL.—Matters alleged only in exceptions to have been passed on by trial Judge will not be considered.

2. MANDAMUS—LABOR CONTRACT—FORMER JEOPARDY—BAR.—Ordinarily writ of mandamus will lie to require magistrate to issue warrant on oath that a criminal offense has been committed, but it is not demandable as of right. Here refusal of writ by Circuit Judge sustained as the violation of a labor contract made for a year is one offense and conviction for failure to perform service under it on one day is a bar to an indictment for failure to perform the service on a later day.

Before MEMMINGER, J., Darlington, March, 1910. Affirmed.

Petition by J. T. McInvaille for writ of mandamus against C. R. Rouse. From order refusing the writ, relator appeals.

*Messrs. Miller & Lawson,* for appellant, cite: *Mandamus lies to compel a magistrate to act:* 89 Am. Dec., 739; 98 Am. St. R., 905; 50 S. C., 558; 71 S. C., 236. *Does the act 24*

*Stat., 428, require issuance of second warrant?* 80 S. C., 131. *This act not repealed by act 1908, 1081:* 8 S. C., 127; 4 L. R. A., 309; 26 Ency., 720. *Will second prosecution lie:* 2 Wall., 1; 19 Wend., 500; Alleyn, 27; 3 B. P., 420; 3 Com. Dig., 93; 6 T. R., 650; 19 Pick., 275; 3 Ala., 23; 3 Dutch., 513; 18 Ves., 115; 79 S. C., 45; 17 Ency., 604; 2 McM., 396; 1 Bail., 1.

*Messrs. Macfarlan* and *Thornwell,* contra.

July 18, 1910. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. This appeal is from an order of the Circuit Court refusing to grant writ of mandamus against a magistrate requiring him to issue a warrant of arrest for fraudulent and malicious violation of a contract for personal service.

In December, 1909, Manning Albert entered into a contract by which he agreed to work on a farm for the relator during the year 1910. He refused to enter upon service thereunder and subsequently entered into a contract to serve E. D. Sumner for that year. A warrant was issued by magistrate Rouse on January 4, 1910, charging that Albert fraudulently and with intent to injure McInvaille, failed and refused to render personal service in violation of his contract on the first, third and fourth days of January, 1910. Albert was arrested and on trial plead guilty and was sentenced to pay a fine of twenty-five dollars or to serve thirty days on the chaingang. This trial was held on January 7, 1910. Albert paid the fine and was discharged that day.

On January 6, 1910, while Albert was *in custodia legis* under the above warrant, the relator presented an affidavit and requested the magistrate to issue a warrant against Albert for refusal to render service under the contract on the 5th and 6th days of January, 1910.

The magistrate refused to issue the warrant on the ground that Albert had already been convicted for the same offense under the former warrant.

Upon hearing the return showing the facts as stated above, Judge Memminger refused the writ in a short order without stating his reasons therefor.

Appellant presents the following exceptions:

1. "Because his Honor erred in holding that mandamus would not lie to compel the issuance of a warrant, and in refusing the writ on said ground.

2. "Because his Honor erred in holding that the issuance of the warrant was discretionary with the magistrate, whereas, he should have held that the issuance thereof was ministerial and compellable by mandamus.

3. "Because his Honor erred in holding that the magistrate could prejude the plea of former jeopardy in refusing to issue the warrant, and in denying the writ on said ground, whereas, he should have held that the defense of former jeopardy could be interposed by the defendant only after the issuance of the warrant.

4. "Because his Honor erred in holding that the act of the General Assembly (24 Stat., 428), providing punishment for violation of labor contracts, etc., was without force and effect, and utterly null, and that the magistrate was not required by said act to issue said warrant, whereas, it is respectfully submitted, his Honor should have held that the said act made it mandatory on the magistrate to issue said warrant, in that (a) said act was not impaired by *Ex parte Holman,* 79 S. C., 11, 60 S. E., 19; (b) that said act has not been repealed by any subsequent act either expressly or by implication; (c) that said act did not violate section 24, article 1, of the Constitution of the United States, and the act passed in pursuance thereof known as the Peonage Statute, nor the Fourteenth Amendment of the Constitution of the United States, nor section 5, article 1, of the Constitution of this State.

5. "Because his Honor held that two different, distinct and independent violations of the labor contract constituted but one offense, whereas, he should have held that said violations constituted several offenses, conviction for one of which would not bar prosecution for another, and he erred in not so holding and granting the writ accordingly."

There is nothing in the record that would authorize this Court to assume that Judge Memminger made the rulings mentioned in the exceptions alone. The only question fairly arising is whether there was error in refusing the writ upon the facts stated in the record.

We think there was no error. It may be conceded that mandamus will lie to compel a judicial officer to perform a plain, ministerial duty, and that the issuance of a warrant, upon information on oath that a criminal offence has been committed, is ordinarily a ministerial duty. The writ, however, is not demandable as of right, but rests to some extent in the discretion of the Court. *State v. Turner,* 32 S. C., 350, 11 S. E., 99; *Abbeville v. McMillan,* 52 S. C., 73, 29 S. E., 540; 19 Ency. Law, 2 ed., 753.

If Judge Memminger considered that the second warrant which was sought really charged the same offense of which Albert was convicted under the first warrant, and that justice would not be promoted by another arrest and trial, it was within his discretion to refuse the writ. Such was very probably his ground for refusal, and we are satisfied with his action.

The act of 1908, 24 Stat., 1080, provides:

Sec. 1. "That any person who shall hereafter contract with another to render to him personal service of any kind, and thereafter fraudulently, or with malicious intent to injure his employer, fail or refuse to render such service as agreed upon, shall be deemed guilty of a misdemeanor." The undisputed facts show that while Albert entered into the labor contract he did not in fact undertake to perform any service thereunder, but repudiated the contract by entering

into service for another. His breach of the first contract was complete, continuous and interrupted from the beginning. This was not a case in which there was a breach, then a restoration of service under the contract, and then another breach, but is the case of a single and continuous breach throughout the period covered by both warrants, and could not be split up into as many offenses as there are days or hours in the year.

Appellant can receive no aid from the amendment known as section 357a of the Criminal Code, enacted February 25, 1904, 24 Stat., 428, because the amendment by its terms relates to convictions for violation of farm labor contracts referred to in sections 355 and 357, Criminal Code, which statute was declared unconstitutional in *Ex parte Holman,* 79 S. C., 9, 60 S. E., 19. The act of 1908, covering this subject, does not contain the provisions of section 357a.

The judgment of the Circuit Court is affirmed.