13806

FEDERAL LAND BANK OF COLUMBIA v. STATE HIGHWAY DEPARTMENT OF SOUTH CAROLINA ET AL.

(173 S. E., 635)

Before TOWNSEND, J., Kershaw, May, 1933.

*Messrs. Robt. H. Hodges* and *Kirkland & DeLoach,* for appellant,

*Messrs. John M. Daniel, Attorney General, J. Ivey Humphrey* and *J. Ingram Wilson, Assistant Attorney Generals,* for respondent, State Highway Department of South Carolina,

March 14, 1934.

The opinion of the Court was delivered by Mr. W. C. COTHRAN, ACTING ASSOCIATE JUSTICE.

On August 20, 1930, the State Highway Department, desiring to acquire certain land for highway purposes on State Route No. 26, between Camden and the line of Sumter County, gave notice of condemnation to L. W. Boykin, as administrator of the estate of A. H. Boykin, deceased. The land sought to be acquired formerly belonged to A. H. Boykin and after his death became the property of his heirs at law. No notice of condemnation was given to the plaintiff herein, the Federal Land Bank, which held a mortgage up-

on the premises, or to any of the heirs at law of A. H. Boykin.

The Board of Condemnation, composed of three individuals, L. W. Boykin, the administrator, being one of them, met on September 2, 1930, for the purpose of condemning the right-of-way and thereupon passed a resolution assessing the damage at $200.00 to be paid to Miss Mary C. Boykin, Boykin, S. C., Mrs. Elizabeth R. Hughes, Charleston, S. C., Mrs. William D. Boykin, New York City, and the Federal Land Bank of Columbia, S. C. We presume that the Board of Condemnation was informed by Mr. Boykin as to the names and addresses of the heirs and also as to the mortgage held by the plaintiff bank.

On the day following the condemnation proceedings, to wit, September 3, 1930, the bank was notified of the award, and at a later day the State Highway Department issued its voucher for $200.00 payable to the Boykin heirs, as above given, but omitting the name of the bank therefrom.

On October 8, 1930, the bank wrote the Highway Department requesting payment of the award and on the day following was informed, by letter, that the voucher for $200.00 had been sent to the landowners. On October 27, 1930, the voucher, having been properly indorsed, was paid at the office of the Comptroller General.

Such were the facts existing at some later date when this proceeding was brought by petition in mandamus to compel the Highway Department to issue a voucher to the plaintiff for $200.00, the amount of the award. We omitted to say that before this petition was filed the plaintiff had foreclosed its mortgage and had bought in the mortgaged property at a loss.

The Highway Department filed its answer and return to the petition, but the facts above stated practically cover its allegations. In truth, we might say, there is no dispute as to the facts of the case. The petition was heard before Judge

Townsend, who passed an order denying the writ of mandamus and, from that order, the bank has appealed.

The exceptions are three in number and impute error to the Circuit Judge in holding: (1) That the payment by the Highway Department of $200.00 to the heirs of the mortgagor in possession was a discharge from further liability; (2) that the remedy of the bank was to follow the fund into the hands of the heirs or to hold the heirs in a civil action; (3) that the petitioner was not entitled to the writ of mandamus.

The question of jurisdiction of the Court in the main cause was first presented by the Highway Department in this Court, the ground being that this is a suit against the State and that there is no statute authorizing such suit. That this point can be raised in this Court for the first time has been repeatedly held and the procedure is, therefore, proper.

It appears necessary that the jurisdictional point must be decided before any of the other questions involved in the appeal be considered. As has been said, "This question meets us at the threshold." If the Court had no jurisdiction, the other questions presented by the appeal, interesting as they are, are rendered academic.

Mandamus is somewhat of a hybird proceeding. It is not a suit in tort, nor is it a suit in contract; it is not strictly a law case, nor is it one in equity. It is based upon the theory that an officer charged with a purely ministerial duty can be compelled to perform that duty in case of refusal. It is available against officers generally, and in some states it is even permissible against the Governor. *State v. Ansel*, 76 S. C., 406, 57 S. E., 185, 11 Ann. Cas., 613. It has been used against various State, county, and municipal officers when a ministerial duty, not involving discretion, was to be performed. In the very recent case of *Henderson v. City of Greenwood* (S. C.), 172 S. E., 689, not yet reported [in State Report], the City of Greenwood was required by man-

damus to perform the ministerial act of issuing to the plaintiff a building permit.

In *State v. Rouse,* 86 S. C., at page 347, 68 S. E., 629, 630, Ann. Cas., 1912-A, 1117, the Court says it may be conceded that "mandamus will lie to compel a judicial officer to perform a plain, ministerial duty."

We, therefore, think that the objection to the jurisdiction of the Court is not well taken. This, however, does not conclude the question of whether or not mandamus is the proper remedy in the present case.

After the award was made by the Condemnation Board and the time for appeal had expired, the ministerial duty was then imposed upon the Highway Department of issuing a voucher for the correct amount and, in case of refusal to do so, mandamus would have been the proper remedy. In the present case the ministerial duty of issuing the voucher has already been performed.

The very wording of the award, to the Boykin heirs and to the bank, shows that two parties were, in the opinion of the Condemnation Board, entitled to the amount. The board did not endeavor to say in what portions the sum should be divided. That there were two claimants to the fund is now quite apparent, and, such being the case, as is said in *State ex rel. Snelling v. Turner,* 32 S. C., 348, 11 S. E., 99, mandamus is not the proper remedy. See, also, *State ex rel. Scott v. Smith,* 7 S. C., 275, 280.

The bank had ample notice of the award and did nothing to protect its rights. In fact, it made no claim to the award until after it had foreclosed its mortgage and had bought in the mortgaged property, as it claims, at a loss. It might well have been argued that the basis of the claim of the bank was its mortgage and that before this proceeding was brought the mortgage had been canceled, merged into the legal title by purchase of the property, and that thereby, the foundation of the claim being de-

stroyed, the structure of the claim fell also. However, our decision is not rested on this ground.

There is no dispute on the legal proposition that mandamus will not lie when an adequate remedy at law exists. *Gardner v. Blackwell*, 167 S. C., 313, 166 S. E., 338. Could not the bank have maintained a suit against the heirs who cashed the voucher for money had and received? There is nothing before us to show that such would not prove an adequate legal remedy.

Having ample time to take action, it does seem that the bank might well have followed the law set out in *Twin City Power Co. v. Savannah River Electric Co.*, 163 S. C., 438, 161 S. E., 750, 756: " * * * There is no reason why the mortgagee should not be allowed to intervene and have the compensation paid to him and credited upon the mortgage. * * * The mortgagee may follow the money in the mortgagor's hands, or prevent its going into his hands." And this ruling was made after holding that the statute did not require notice to the mortgagee of condemnation and that the mortgagee was not a necessary party to such proceeding.

We think it would be more in the interests of justice if the condemnation statute provided for notice of the proceeding to all lien creditors, as, without notice, we can well imagine cases where hardship would result to such creditors; but this is a matter for legislative rather than judicial adjustment. In this case, however, the bank having received notice of the award, the day after it was made, was in as favorable position to protect its interests as it would have been had it been notified in advance or had been made a party to the condemnation proceedings.

We see no error in the order of the Circuit Judge. In every view of the case it appears that mandamus against the Highway Department is not the proper remedy and that the writ should have been refused.

Judgment affirmed.

Mr. Chief Justice Blease and Messrs. Justices Stabler, Carter and Bonham concur.