14337

CHESTERFIELD COUNTY v. STATE HIGHWAY DEPARTMENT
OF SOUTH CAROLINA

(187 S. E., 548)

324

*Messrs. P. A. Murray, Jr.,* and *Blease & Griffith,* for plaintiff.

*Messrs. John M. Daniel, Attorney General, J. Ivey Humphrey* and *M. J. Hough, Assistant Attorneys General,* for

defendant,

July 20, 1936.

Rehearing denied September 17, 1936. ·

. The opinion of the Court was delivered by MR. JUSTICE BONHAM.

In 1928 Chesterfield County entered into a reimbursement agreement with the highway commission (State Highway Department) as authorized by the statutes of the State then applicable. By the terms of the agreement Chesterfield County bound itself to advance to the commission, within sixty days after demand, $400,000.00 to be used by the commission in the construction of certain highways in Chesterfield County. In order to raise the funds thus to be advanced, the county issued and sold bonds in the sum of $400,000.00. When the sum of the proceeds of the sale of these bonds was received from the purchasers, South Carolina National Bank and Bankers Trust Company of New York, by whom the funds were placed in the South Carolina National Bank of Columbia, S. C., the treasurer of Chesterfield County deposited them to his credit in the Bank of Cheraw and Chesterfield County, Cheraw, S. C.

No part of these funds was turned over to the highway department within sixty days after their receipt, except the sum of $150,000.00, leaving in the Bank of Cheraw and Chesterfield County the sum of $250,000.00 thereof, which sum remained there to the credit of the treasurer of Chesterfield County when the bank closed its doors for business and went into the hands of receivers in the fall of 1928, and has never been turned over to the State Highway Commis-

sion, except dividends in the approximate amount of $36,-000.00.

The highway department constructed the designated highways, using the $150,000.00 received from Chesterfield County, and $1,251,002.52 from the general construction funds of the State Highway Department.

The bonds matured in ten years in annual sums of $40,-000.00 and interest. They were not paid as they matured and the bondholders began to take judgments against the county. By the Act of 1929 (Act March 25, 1929, 36 St. at Large, p. 1042), the interest of Chesterfield County in the funds in the Cheraw and Chesterfield Bank was assigned to the highway commission. By the State Appropriation Act of 1930 (Act April 5, 1930, 36 St. at Large, p. 1504, § 87), the State Highway Department was authorized and empowered to purchase said bonds as they mature and hold them as a debt against Chesterfield County.

The plaintiff has brought this action in the original jurisdiction of the Supreme Court to compel the highway department to surrender the bonds so purchased by it, to the treasurer of Chesterfield County for cancellation.

Upon the application of plaintiff, Hon. John G. Stabler, Chief Justice of the Supreme Court, issued a rule requiring the State Highway Department to show cause before the Supreme Court "why it should not be required to turn over to the Treasurer of Chesterfield County for cancellation all bonds of Chesterfield County issued under the reimbursement agreement of April 19, 1928, and alleged to have been paid by said Department, etc."

To this rule the highway department made return in due time, and the case was submitted to the Court upon the record, printed briefs of counsel, and an agreed stipulation as to facts.

At the outset of the consideration of the case, the Court is confronted with the question whether it has the power to compel the State Highway Department, by mandamus, to

turn over the bonds of Chesterfield County for cancellation. Will mandamus lie under the admitted facts of this case?

What is necessary to entitle one to mandamus?

■■ "One seeking mandamus must show legal duty imposed upon officer, that duty is ministerial, that applicant has legal right for enjoyment of which discharge of duty is necessary, and that applicant has no other sufficient remedy." *Draughton v. Colbert,* 171 S. C., 22, 171 S. E., 445.

"Mandamus is somewhat of a hybrid proceeding. It is not a suit in tort, nor is it a suit in contract; it is not strictly a law case, nor is it one in equity. It is based upon the theory that an officer charged with a purely ministerial duty can be compelled to perform it." *Federal Land Bank v. Highway Department,* 172 S. C., 207, 173 S. E., 635, 637.

"Mandamus will not lie where adequate remedy at law exists." *Id.*

" 'Ministerial Act' is one which a person performs in obedience to a mendate of legal authority, without regard to the exercise of his own judgment of the propriety of the act to be done." Black's Law Dict., p. 1190.

"Ministerial Duty. A ministerial duty, the performance of which may, in proper cases, be required of a public officer by judicial proceedings, is one in respect to which nothing is left to discretion; it is a simple, definite duty arising under circumstances admitted, or proved to exist and imposed by law." Black's Law Dict., p. 1190.

The Court has considered the question relating to ■■ the duty of the Court in reference to issuing the writ of mandamus sought, with especial care, because of the importance of the matters involved and the zeal with which the case has been presented. We have studied seriously the issues made by the pleadings, the exhibits, and the stipulation of facts agreed upon by counsel, with a view to the correct determination of this cardinal question. That study demonstrates to us that there are varied and complex ques-

tions involved, from which differing conclusions can be deduced, which ought properly to be tried in a Court of law, and not determined by the summary process of mandamus.

It is axiomatic that if the applicant has an adequate remedy at law the petition for mandamus will not lie. It is not sufficient that the applicant asserts that he has no other remedy; he must show that he has none such. We know of no law which denies to plaintiff the right to bring an action on the law side of the Court in which all the questions raised, and which should be raised in the case, may be settled, and in which all proper and necessary parties may be joined.

The Court is satisfied that the writ of mandamus prayed for must be denied. It is so ordered.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate.

## ON PETITION FOR REHEARING

*Per curiam.*

The petition for rehearing reiterates the position taken in the main hearing, to wit, that under the provisions of Section 5970 of the Code, the State Highway Department was bound to pay the bonds of Chesterfield County as they fell due, and the county had made default in such payment. There can be no question that the legislation embodied in that section, and allied Acts, was predicated on the assumption that the reimbursement agreements therein provided for would be faithfully performed by the county entering into it, and the money contracted to be advanced to the commission would be so advanced.

There arise in this case various and complex questions which ought not to be determined in this summary process of mandamus.

The petition for rehearing reiterates the assertion of the complaint that the plaintiff has no adequate remedy at law, and, hence, is entitled to apply to this Court in its original

jurisdiction for the relief it seeks. We do not concur in this view.

The statutes of the State (Code 1932, § 5937 *et seq.*), authorize the county and the highway commission to enter into what are called reimbursement agreements, of the nature of that made between Chesterfield County and the highway commission. In other words, the parties are authorized to enter into a contract. It is true that the statutes which authorize the making of the contract do not in express language confer upon either contracting party the power to sue the other for breach of contract. But that right is one of necessary implication; it is a common-law right.

Section 5874, Code 1932, authorizes the highway commission to purchase gasoline and fuel. Suppose contracts for such purchases are made by the commission and it refuses or neglects to pay for the articles purchased. Will it be contended that it cannot be sued to enforce the contract of purchase except by consent of the State? We hold that the authority given to make the contract carries with it, by necessary implication, the authority to enforce the contract by an action at law. It was held by this Court in the case of *Simons v. City Council of Charleston*, 187 S. E., 545, filed September 5, 1936, that an implication of like nature is lawful.

"Where a statute or the Constitution creates a right, but is silent as to the remedy, the party entitled to the right may resort to any common-law action which will afford him adequate redress." *State v. Taylor*, 224 Mo., 393, 123 S. W., 892, 895. Quoted with approval in *Chick Springs Water Co. v. State Highway Department*, 159 S. C., 481, 157 S. E., 842, 843.

But the petitioner contends that since the State Highway Department is an agency of the State, it may not be sued without the consent of the State.

In the case of *Chick Springs Water Co. v. Highway Department*, just above cited, this Court laid down the principle that: "No act of General Assembly is needed for suit against

state to recover just compensation for private property taken for public purpose (Const., Art. 1, § 17)."

In other words the Court holds that this constitutional provision is self-acting, and does not need for enforcement the aid of legislation to give the party injured the right to sue the agency of the State involved. This doctrine is repeated and affirmed in the subsequent case of *Chick Springs Water Co. v. State Highway Department*, found in 178 S. C., 415, 183 S. E., 27.

If, then, the State has taken the private property of Chesterfield County, to wit, its bonds, without making just compensation therefor, the county may maintain its action thereabout.

Let it be borne in mind that this Court expresses no opinion upon this issue; that should be decided in an action at law.

This Court is still of the opinion that it has not been shown any ministerial duty devolving upon the highway department which subjects that department to the mandatory power of the Court, in the present case.

"A ministerial duty, the performance of which may, in proper cases, be required of a public officer by judicial proceedings, is one in respect to which nothing is left to discretion; *it is a simple, definite duty arising under circumstances admitted or proved to exist and imposed by law*" (Italics added). Black's Law Dictionary, p. 1190.

No *simple, definite duty* arising under any admitted or proven circumstances is shown to exist in this proceeding, and "imposed by law," which would justify this Court to order the State Highway Department to deliver the bonds, for which it has paid, to Chesterfield County for cancellation.

The petition for rehearing is denied.