15546

LINTON v. GAILLARD, MAGISTRATE

(25 S. E. (2d), 896)

20

February, 1943.

*Mr. L. D. Jennings,* of Sumter, S. C., Counsel for Appellant,

*Mr. A. S. Merrimon,* of Sumter, S. C., Counsel for Respondent,

May 29, 1943.

CIRCUIT JUDGE J. HENRY JOHNSON, ACTING ASSOCIATE JUSTICE, delivered the unanimous opinion of the Court:

Upon the affidavit of appellant, Hon. S. P. Gaillard, a Magistrate of Sumter County, respondent, issued his warrant against Thomas McMillian, *et al.*, charging them with the larceny of Linton's "sow hog * * * valued at $20.00," and set the cause for trial on January 12th.

The chief prosecuting witness, Linton, unrepresented at that time by counsel, appeared and participated in the trial without objection, and testified as a witness. Upon conclusion of a formal trial before a jury, a verdict of not guilty was rendered in favor of both defendants.

Thereafter appellant retained his present counsel, who, within due time and upon proper notice, moved the Court of Magistrate for an order setting aside the verdict of acquittal upon the ground that defendants were charged with larceny of livestock, and that the Court of Magistrate had no jurisdiction in the case; that the verdict of the jury was a nullity; and that his Honor should send the cause to the Court of General Sessions for trial, unless defendants should demand a preliminary hearing. The motion was refused, the Magistrate holding that his Court had jurisdiction to try the accused in view of the evidence to the effect that the hog was of less value than twenty dollars.

There was no appeal from the verdict of the jury, or from the Magistrate's judgment of acquittal, or from his order refusing to set aside the verdict, nor was any effort made to bring the matter directly before the Court of General Sessions by reporting the same to the solicitor of the Circuit, or by appearance before the Grand Jury of Sumter County; but formal application, upon petition, was made to the resident Judge of the Circuit, Hon. P. H. Stoll, for "A rule requiring

said Magistrate to forthwith turn over said warrant to the Clerk of Court * * *; or show cause * * * why he should not be ordered to do so." Clearly, this was an application for a writ of mandamus by way of rule to show cause.

Upon such petition, Judge Stoll issued his rule against Magistrate Gaillard substantially in the language of the prayer of the petition. The latter made a formal, written return, setting forth the foregoing facts, with the further showing that all of the evidence established the value of the hog at less than twenty dollars, that it was not the property of Linton, prosecutor and appellant, and that there was no evidence whatever to establish theft of the animal by the defendants, or either of them; that there was an utter failure of proof of the offense charged; and that, if he had been holding a preliminary hearing in the cause, he would have dismissed the warrant for failure to establish a probable case.

Upon consideration, Judge Stoll discharged the rule in a brief, formal order, without reasons for his action. Orally, however, at the hearing, his Honor declined to pass upon the question of whether or not the Magistrate had jurisdiction to try the case, by expressing the opinion, however, that by the amendment of 1929 to Section 38 of the Code, now Section 1144, the General Assembly had intended to give Magistrate's Courts jurisdiction of larceny of livestock of the value of less than twenty dollars, and that he was not going to order Magistrate Gaillard to send up the warrant to the Court of General Sessions because appellant, Linton, had other remedies by application to the Solicitor to hand out an indictment; or by appearance before the Grand Jury.

Appellant here presents two questions, as follows: (1) Have Magistrates jurisdiction of larceny of livestock? (2) Should the Circuit Judge have ordered the Magistrate to turn over the warrant to the Clerk of Court?

As a proper answer to the second inquiry will dispose of the appeal, this Court is of the opinion that it is unnecessary to pass upon the first.

The overwhelming weight of authority is to the effect that the writ of mandamus is not a writ of right, but whether or not the writ be designated as one of right, its allowance or refusal in almost all jurisdictions is invariably held to be a matter of discretion with the Court. 38 Corpus Juris, pp. 546-547, and authorities there cited. And our own cases follow the majority view. *State v. Rouse,* 86 S. C., 344, 68 S. E., 629, Ann. Cas. 1912-A, 1117; *State v. Turner,* 32 S. C., 348, 350, 11 S. E., 99; *State v. McMillan,* 52 S. C., 60, 73, 29 S. E., 540; *State v. Kirby,* 17 S. C., 563. Of course the discretion to be exercised is not an arbitrary discretion, but a judicial or legal discretion, founded upon equitable principles, the abuse of which would constitute error of law.

As said by this Court in *State v. Rouse, supra* [86 S. C., 344, 68 S. E. 630], "It may be conceded that mandamus will lie to compel a judicial officer to perform a plain, ministerial duty, and that the issuance of a warrant, upon information on oath that a criminal offense has been committed, is ordinarily a ministerial duty. The writ, however, is not demandable as of right, but rests to some extent in the discretion of the court," citing *State v. Turner* and *State v. McMillan,* both *supra,* and continuing: "If Judge Memminger considered that the second warrant which was sought really charged the same offense of which Albert was convicted under the first warrant, and that justice would not be promoted by another arrest and trial, it was within his discretion to refuse the writ. Such was very probably his ground for refusal, and we are satisfied with his action."

Moreover, there is a wide distinction between the mere issuance of a warrant of arrest and the exercise of a Magistrate's judgment and discretion to bind over to the Court of General Sessions one accused of crime before him. The former may be required by the writ of mandamus when there is nothing more involved than the

performance of a mere ministerial duty. "The issuance of the writ of mandamus is not a matter of strict legal right, but it rests in the sound discretion of the court. Nothing is better settled than that mandamus' will not be issued to control the discretion or judgment vested by law in public officers." *Atlantic Coast Line R. Co. v. Caughman et al.,* 89 S. C., 472, 72 S. E., 18, 22, 38 Corpus Juris, 593, and authorities there cited.

In the instant cause, even if the Magistrate were without jurisdiction to empanel a jury and try the cause on the merits because of the allegation that the subject of the alleged theft was "valued at $20.00," his return to the rule issued by Judge Stoll establishes beyond cavil that the animal was not worth as much as twenty dollars, and that all of the evidence tended to show that fact, as well as the further fact that the prosecuting witness, appellant here, was not the owner of that particular sow, and that Magistrate Gaillard, if holding a preliminary hearing instead of a trial, upon the evidence presented, would not have sent the case to the Court of General Sessions. Such facts, considered in connection with the verdict of not guilty, regardless of whether or not the jury was a lawfully empanelled body, were sufficient to warrant the Circuit Judge, in the exercise of that discretion permissible in such cases, to refuse to require the Magistrate to send the case to the Court of General Sessions.

The record disclosing ample facts to warrant the exercise of the Circuit Judge's discretion to discharge the rule and refuse the writ of mandamus, and failing to show any abuse of such discretion constituting error of law, the judgment below must be affirmed; and it is so ordered.

Affirmed.

MESSRS. ASSOCIATE JUSTICES BAKER, FISHBURNE and STUKES concur.

MR. CHIEF JUSTICE BONHAM did not participate.