690 S.E.2d 771

**James L. VERENES, as Successor Trustee of the Charitable Remainder Unitrust Under Agreement with Houndslake Country Club, Inc., dated July 25, 2000, Respondent,**

v.

**Nicholas L. ALVANOS, individually and as Former Trustee of the Charitable Remainder Unitrust Under Agreement with Houndslake Country Club, Inc., dated July 25, 2000, Appellant,**

v.

**Robert C. Penland, Third–Party Defendant.**

**No. 26780.**

Supreme Court of South Carolina.

Heard Jan. 5, 2010.

Decided March 1, 2010.

Rehearing Denied April 7, 2010.

Warren C. Powell, Jr. and William D. Britt, Jr., both of Bruner, Powell, Robbins, Wall & Mullins, of Columbia, for Appellant.

B. Michael Brackett, of Moses, Koon & Brackett, of Columbia, for Respondent.

Chief Justice TOAL.

This Court certified this case for review pursuant to Rule 204(b), SCACR.

FACTS/PROCEDURAL HISTORY

By instrument executed August 2, 2000, HCC Investments, Inc.[1] (HCC) established a charitable remainder unitrust (Trust) between itself, as grantor, and Nicholas L. Alvanos (Appellant), as trustee. At the time the Trust was established, third-party defendant Robert C. Penland (Penland) was President of HCC and signed the Trust documents in that capacity. Penland was also a beneficiary of the Trust. On May 3, 2005, HCC petitioned the Aiken County Probate Court for an order removing Appellant as trustee and naming Penland as successor trustee. Appellant was removed as trustee and Penland was appointed successor trustee by order dated August 3, 2005.

On October 27, 2006, HCC filed suit in probate court against Appellant individually and as former trustee of the Trust. HCC captioned the action as one for "Breach of Trust," triable "Non–Jury." HCC's causes of action included breach of fiduciary duty of care, breach of fiduciary duty of loyalty, and one for an accounting. The relief sought for the alleged breach of fiduciary duty of care was the restoration to the Trust any lost income, lost capital gain, and lost appreciation in value caused by the alleged breach. The relief sought for the alleged breach of fiduciary duty of loyalty was disgorging all commissions and profits received on the Trust's purchases of annuities and returning those commissions to the Trust.[2] The third cause of action is a classic cause of action for an accounting.

Appellant asserted a third-party claim against Penland, alleging that Penland's actions caused damages to the Trust, not any actions of Appellant. Appellant's single cause of action against Penland alleges entitlement under the alternate remedies of equitable indemnity and contribution.

Pursuant to an order by the Chief Justice of the South Carolina Supreme Court, Judge Daniel R. Eckstrom was appointed as special probate court judge for the present action and the case was transferred to the Lexington County Probate Court. Ultimately, Penland was removed as successor trustee

---

1. Formerly known as Houndslake Country Club, Inc.

2. Respondent never requested damages as a result of Appellant's alleged breach.

and James L. Verenes (Respondent) was substituted as the named plaintiff as successor trustee of the Trust.

On June 19, 2007, Appellant timely filed a notice of removal and demand for trial by jury, requesting the action be removed to the circuit court and the case tried by a jury. On July 24, 2007, Appellant withdrew his request to have the matter transferred to the circuit court, but renewed his demand for a jury trial. By order filed November 5, 2007, the probate judge denied Appellant's demand. Appellant appealed the probate court's denial to the circuit court pursuant to S.C.Code Ann. § 62–1–308 (2009). The circuit court affirmed the probate court's denial of Appellant's demand for a jury trial. This appeal followed.

### ISSUE

Is Appellant entitled to a jury trial?

### STANDARD OF REVIEW

Whether a party is entitled to a jury trial is a question of law. *See Mims Amusement Co. v. S.C. Law Enforcement Div.*, 366 S.C. 141, 145, 621 S.E.2d 344, 345–46 (2005). An appellate court may decide questions of law with no particular deference to the trial court. *In re Campbell*, 379 S.C. 593, 599, 666 S.E.2d 908, 911 (2008) (citation omitted).

### LAW/ANALYSIS

Appellant argues the present action is primarily a legal action for money damages such that he is entitled to a jury trial. We disagree.

The South Carolina Constitution provides "[t]he right of trial by jury shall be preserved inviolate." S.C. Const. art. I, § 14. "The right to a trial by jury is guaranteed in every case in which the right to a jury was secured at the time of the adoption of the Constitution in 1868." *Mims Amusement Co.*, 366 S.C. at 149, 621 S.E.2d at 348 (citation omitted). "Generally, the relevant question in determining

the right to trial by jury is whether an action is legal or equitable; there is no right to trial by jury for equitable actions." *Lester v. Dawson,* 327 S.C. 263, 267, 491 S.E.2d 240, 242 (1997). A proceeding in probate court may either be an action at law or in equity. *In re Estate of Holden,* 343 S.C. 267, 278, 539 S.E.2d 703, 709 (2000) (citation omitted).

Characterization of an "action as equitable or legal depends on the appellant's 'main purpose' in bringing the action." *Ins. Fin. Servs., Inc. v. S.C. Ins. Co.,* 271 S.C. 289, 293, 247 S.E.2d 315, 318 (1978) (citations omitted).[3] "The main purpose of the action should generally be ascertained from the body of the complaint." *Id.* (citation omitted). "However, if necessary, resort may also be had to the prayer for relief and any other facts and circumstances which throw light upon the main purpose of the action." *Id.* (citation omitted). The nature of the issues raised by the pleadings and character of relief sought under them determines the character of an action as legal or equitable. *Bell v. Mackey,* 191 S.C. 105, 119–20, 3 S.E.2d 816, 822 (1939) (citations omitted).

"Trusts have long and broadly been a field for the jurisdiction of equity." *Epworth Orphanage v. Long,* 199 S.C. 385, 389, 19 S.E.2d 481, 482 (1942). "A violation by a trustee of a duty the trustee owes to a beneficiary is a breach of trust." S.C.Code Ann. § 62–7–1001(a) (2009).[4] To remedy a breach of trust the court may compel the trustee to redress the breach of trust by "paying money, restoring property, or other means." *Id.* § 62–7–1001(b)(3). The Comment to section 62–7–1001 states, "The reference to payment of money in subsection (b)(3) includes liability that might be characterized as damages, restitution, or surcharge."

---

3. "[T]he 'main purpose' rule evolved from a determination that where a plaintiff has prayed for money damages in addition to equitable relief, characterization of the action as equitable or legal depends on the plaintiff's 'main purpose' in bringing the action." *Floyd v. Floyd,* 306 S.C. 376, 380, 412 S.E.2d 397, 399 (1991) (citations omitted).

4. A trustee owes a trust a duty of loyalty. *See* S.C.Code Ann. § 62–7–802 (2009). Moreover, a trustee owes a trust a duty of reasonable care, skill, and caution. *See id.* § 62–7–804.

This Court has held that an action alleging a breach of fiduciary duty is an action at law. *See Corley v. Ott,* 326 S.C. 89, 92 n. 1, 485 S.E.2d 97, 99 n. 1 (1997). However, a breach of fiduciary duty may sound in equity if the relief sought is equitable.[5] *See Bivens v. Watkins,* 313 S.C. 228, 230 n. 3, 437 S.E.2d 132, 133 n. 3 (Ct.App.1993). Restitution and disgorgement are equitable remedies. *See Great–West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 215–16, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002); *see also Key Corporate Capital, Inc. v. County of Beaufort,* 373 S.C. 55, 63, 644 S.E.2d 675, 679 (2007) (Toal, C.J. dissenting) (noting disgorgement results from the equitable remedy of restitution); *Wallace v. Milliken & Co.,* 305 S.C. 118, 120, 406 S.E.2d 358, 359 (1991) (stating restitution is an equitable remedy).

In this case, Appellant contends that Respondent's causes of action for breach of fiduciary duty of care and breach of fiduciary duty of loyalty are actions at law that entitle him to a jury trial.[6] The remedy sought for the alleged breach of the fiduciary duty of care is essentially the remedy of restitution.[7] As noted above, the remedy sought by Respondent for the

---

5. Dating back to our holding in *O'Shea v. Lesser,* 308 S.C. 10, 416 S.E.2d 629 (1992), this Court has stated in several opinions that a breach of a fiduciary duty is an action at law. We now take this opportunity to stress that an action for a breach of a fiduciary duty may sound in law or equity depending on the nature of the relief sought.

6. Appellant does not dispute that an action for an accounting is an action sounding in equity. *See Historic Charleston Holdings, LLC v. Mallon,* 381 S.C. 417, 427, 673 S.E.2d 448, 453 (2009) (holding an action for accounting sounds in equity). Also, Appellant brought a claim against Penland under the alternate remedies of equitable indemnity and contribution; both of which are equitable remedies. *See RIM Assocs. v. Blackwell,* 359 S.C. 170, 179 n. 3, 597 S.E.2d 152, 157 n. 3 (Ct.App.2004) (stating an action for contribution lies in equity); *Loyola Fed. Sav. Bank v. Thomasson Props.,* 318 S.C. 92, 93, 456 S.E.2d 423, 424 (Ct.App.1995) (citation omitted) (noting a cause of action for equitable indemnity is necessarily equitable in nature).

7. The remedy sought for the alleged breach of the fiduciary duty of care is similar to the remedy for a constructive trust which can arise from a breach of a fiduciary duty giving rise to the obligation in equity to make restitution. *See Lollis v. Lollis,* 291 S.C. 525, 529, 354 S.E.2d 559, 561 (1987). In this case, there was an alleged breach of a fiduciary duty and the plaintiff is asking that funds be restored back into the Trust.

alleged breach of fiduciary duty of care is restoring to the Trust the lost income, lost capital gain, and lost appreciation in value as a result of the alleged breach. Hence, the remedy sought by Respondent is more akin to restitution than money damages, particularly in light of the main purpose of the action.[8] Because the nature of the issues raised by the pleadings and character of relief sought for the alleged breach of the fiduciary duty of care is equitable, Appellant does not have the right to a jury trial on that issue.

The remedy sought for the alleged breach of the fiduciary duty of loyalty is disgorgement. As outlined above, the relief sought for the alleged breach of fiduciary duty of loyalty is disgorging all commissions and profits Appellant received on the Trust's purchases of annuities and returning those commissions to the Trust. Disgorgement is an equitable remedy, thus Appellant does not have the right to a jury trial for the alleged breach of the fiduciary duty of loyalty.

While Appellant will have to pay money to the trust if the allegations are proven, that does not mean Respondent's causes of action are legal in nature. Upon looking at the body of the complaint, the main purpose in bringing this action is equitable, not legal. Respondent's breach of fiduciary duty claims seek equitable remedies, not damages at law. Thus, Appellant does not have the right to a jury trial.

### CONCLUSION

In light of the nature of the relief sought, Respondent's breach of fiduciary duty claims are equitable. Because there is no right to trial by jury for equitable actions, the circuit court did not err in denying Appellant a jury trial.

PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.

---

8. This action was brought as a "Breach of Trust." As outlined above, trusts have long been a field for the jurisdiction of equity.