**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Pinnacle Bank, as successor in interest to Bank of North Carolina, previous sucessor in interest to Harbor National Bank, Plaintiff,

v.

Anthony Whitfield and Cindy Whitfield, Defendants.

AND

Anthony Whitfield, Counterclaimant,

v.

David Swanson, Counterclaim Defendant,

Of whom, Anthony Whitfield is the Appellant and David Swanson is the Respondent.

Appellate Case No. 2020-000162

Appeal From Charleston County
Diane Schafer Goodstein, Circuit Court Judge

Unpublished Opinion No. 2022-UP-334
Submitted July 27, 2022 – Filed August 10, 2022

**AFFIRMED**

Daniel Scott Slotchiver and Andrew Joseph McCumber, both of Slotchiver & Slotchiver, LLP, of Mount Pleasant; Jesse Sanchez, of The Law Office of Jesse Sanchez, LLC, of Charleston; and Brent Souther Halversen, of Halversen & Halversen, LLC, of Mount Pleasant, all for Appellant.

Steven Raymond Kropski, Michael B. McCall, and David W. Overstreet, all of Earhart Overstreet, LLC, of Charleston, for Respondent.

---

**PER CURIAM:** Anthony Whitfield appeals the circuit court order striking the jury demand for his civil conspiracy counterclaim against David Swanson and bifurcating it to the master in equity. Whitfield argues the circuit court erred in finding his civil conspiracy counterclaim was permissive rather than compulsory. We affirm pursuant to Rule 220(b), SCACR.

1. The trial court properly struck the jury demand for the civil conspiracy counterclaim because it correctly determined it was permissive rather than compulsory. *See Wachovia Bank, Nat. Ass'n v. Blackburn*, 407 S.C. 321, 328, 755 S.E.2d 437, 441 (2014) ("[W]hether a party is entitled to a jury trial is a question of law. Appellate courts may decide question of law with no particular deference to the circuit court's findings." (citation omitted) (quoting *Verenes v. Alvanos,* 387 S.C. 11, 15, 690 S.E.2d 771, 772-73 (2010))); Rule 39(a), SCRCP ("The trial of all issues so demanded shall be by jury, unless . . . the court[,] upon motion or its own initiative[,] finds that a right of trial by jury of some or all of those issues does not exist."); *S.C. Dep't of Com., Div. of Pub. Rys. v. Clemson Univ.*, 432 S.C. 352, 363, 851 S.E.2d 735, 741 (Ct. App. 2020) ("[I]f the circuit court finds a right of trial by jury of some or all of the issues does not exist, a jury trial is not required[,] even if the parties have demanded one."); *Blackburn*, 407 S.C. at 330, 755 S.E.2d at 441 ("If the complaint is equitable and the counterclaim is legal and permissive, the defendant waives his right to a jury trial."); Rule 13(b), SCRCP (providing a permissive counterclaim is "any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim"); *Blackburn*, 407 S.C. at 330 n.7, 755 S.E.2d at 442 n.7 (2014) ("If the defendant's prevailing on his counterclaim would affect the bank's right to enforce the note and foreclose the mortgage, there is a logical relationship between the

counterclaim and the underlying suit, and the counterclaim is therefore compulsory.").

2. Because of the other parties' settlement, the bifurcation issue is moot; therefore, we need not address that issue. *See Skydive Myrtle Beach, Inc. v. Horry Cnty.*, 428 S.C. 638, 642, 837 S.E.2d 485, 487 (2020) ("A case is moot 'when judgment, if rendered, will have no practical legal effect upon existing controversy.'" (quoting *Mathis v. S.C. State Highway Dep't*, 260 S.C. 344, 346, 195 S.E.2d 713, 715 (1973))); *Sloan v. Friends of Hunley, Inc.*, 369 S.C. 20, 26, 630 S.E.2d 474, 477 (2006) ("A moot case exists where a judgment rendered by the court will have no practical legal effect upon an existing controversy because an intervening event renders any grant of effectual relief impossible for the reviewing court.").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.