# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Alicia Pearson, Respondent,

v.

Richland County, Appellant.

Appellate Case No. 2022-001470

―――――――

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

―――――――

Opinion No. 6097
Heard October 15, 2024 – Filed January 29, 2025

―――――――

## REVERSED AND REMANDED

―――――――

Andrew F. Lindemann, of Lindemann Law Firm, P.A., of
Columbia, for Appellant.

Donald Gist, of Gist Law Firm, PA and Erica Katherine
McCrea, of Merritt, Webb, Wilson & Caruso, PLLC,
both of Columbia, for Respondent.

―――――――

**KONDUROS, J.:** Richland County (the County) appeals a circuit court order
granting Alicia Pearson a jury trial on her breach of contract claim. The County
argues Pearson was not entitled to a jury trial because a breach of contract claim
against the government was not recognized in 1868 when the adoption of our state
constitution enshrined the right to a jury trial. We reverse and remand.

**FACTS**

Pearson began working for the County as an accountant in January of 2017. In this action, she alleges she was unfairly criticized and her competency was questioned in front of her co-workers in retaliation for filing a grievance regarding a racially offensive comment made by the County Transportation Director. Pearson also alleges she was "functionally demoted" in the form of changes in responsibility and supervision after bringing to light instances in which she was directed to process certain requests she claimed were incomplete and went against policy.

In her complaint, Pearson alleged breach of contract, promissory estoppel, and whistleblower retaliation and requested a jury trial. Pearson argued the County breached her employment contract, specifically the retaliation policy in its employee handbook, when she was "the victim of retaliation and demotion." The County filed a motion to transfer to a non-jury docket and a motion for summary judgment. Relying on *Unisys Corp. v. South Carolina Budget & Control Board Division of General Services Information Technology Management Office*,[1] the County argued Pearson was not entitled to a jury trial because there was no constitutional right to a jury trial for a breach of contract claim against a sovereign at the time the constitution was adopted, and therefore, no such right exists now.

The circuit court found Pearson was entitled to a jury trial for the breach of contract claim; however, it denied her requests for a jury trial on her promissory estoppel and whistleblower claims. Regarding its refusal to transfer Pearson's breach of contract claim to the non-jury docket, the court stated the County was not entitled to sovereign immunity because our supreme court had abolished the State's total sovereign immunity. The circuit court further reasoned that based on case law, when the State "consents to a contract, it consents to suit on that contract." In applying this reasoning to the case, the circuit court explained the County consented to be sued when it contracted with Pearson to secure her employment. The circuit court also found that the County provided Pearson with a handbook containing policies that created a contractual relationship between the two.[2] This appeal followed.

---

[1] 346 S.C. 158, 551 S.E.2d 263 (2001).

[2] While the circuit court alluded to Pearson's handbook argument in its order and denied the County's request for summary judgment based on the lack of a contract, Pearson did not move for summary judgment on the matter and does not assert on appeal that the circuit court finally determined the handbook issue. Based on our disposition of the case, we decline to reach the question of whether the handbook created contractual duties between Pearson and the County and leave that issue for trial. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518

**STANDARD OF REVIEW**

"Whether a party is entitled to a jury trial is a question of law." *Verenes v. Alvanos*, 387 S.C. 11, 15, 690 S.E.2d 771, 772 (2010). "An appellate court may decide questions of law with no particular deference to the trial court." *Id.* at 15, 690 S.E.2d at 772-73. "As to questions of law, this court's standard of review is de novo." *Citizens for Quality Rural Living, Inc. v. Greenville Cnty. Plan. Comm'n*, 426 S.C. 97, 102, 825 S.E.2d 721, 724 (Ct. App. 2019).

**LAW/ANALYSIS**

The County contends the circuit court erred in finding Pearson was entitled to a jury trial on her breach of contract claim against the County. We agree.

Article I, section 14 of the South Carolina Constitution "secures the right to a jury trial only in cases in which that right existed at the time of the adoption of the constitution in 1868." *Unisys*, 346 S.C. at 172, 551 S.E.2d at 271.[3] "The right to a jury trial does not apply to actions against the sovereign that were not recognized in 1868." *Id.* "At the time our constitution was adopted in 1868, the State was immune from suit on a contract."[4] *Id.* at 173, 551 S.E.2d at 271. However, even when the doctrine of sovereign immunity existed, a governmental agency could be sued by consent. *See Hodges v. Rainey*, 341 S.C. 79, 92, 533 S.E.2d 578, 584 (2000) (acknowledging that in 1934, "the State was protected by total sovereign immunity and could only be sued in tort or in contract when the State consented"). In discussing the nature of this consent, the Supreme Court of South Carolina remarked, "That a state cannot be sued in any of its courts without its express consent, which can only be given by the legislative authority, is a proposition so universally conceded as to render any argument or authority to support it wholly unnecessary." *Lowry v. Thompson*, 25 S.C. 416, 419, 1 S.E. 141, 143 (1886). *overruled by Washington v. Whitaker*, 317 S.C. 108, 114-15, 451 S.E.2d 894, 898

---

S.E.2d 591, 598 (1999) (holding the appellate court may decline to address remaining issues when the disposition of a prior issue is dispositive).

[3] "The right of a trial by jury shall be preserved inviolate." S.C. Const. art. I, § 14.

[4] Sovereign immunity was ultimately abolished by *McCall v. Batson*. *McCall v. Batson,* 285 S.C. 243, 329 S.E.2d 741 (1985), *superseded by statute* S.C. Code Ann. §§ 15-78-10 to -20 (2005) (the Tort Claims Act). Nevertheless, we are constrained by our supreme court's ruling in *Unisys* to conclude that Pearson does not have the right to a jury trial.

(1994) (explaining sovereign immunity implicates a jurisdictional requirement as opposed to an affirmative defense that must be pled). The court further explained

> The consent of the state to be sued must be given in *express terms or at least in terms so clear and unambiguous as necessarily to imply consent*; and it has been held that statutes authorizing suits against a state, being in derogation of its sovereignty, *should be construed strictly*, although not so strictly as to exclude a case clearly coming within their terms, for the construction should be such as to carry out the legislative intent.

*U. S. Cas. Co. v. State Highway Dep't of S.C.*, 155 S.C. 77, 83, 151 S.E. 887, 890 (1930), *overruled by McCall*, 285 S.C. at 250 n.73, 329 S.E.2d at 745 n.73 (italics added) (quoting 36 Cyc. 913).[5]

Pearson relies heavily on *Kinsey Construction Co. v. South Carolina Department of Mental Health*, 272 S.C. 168, 170, 249 S.E.2d 900, 902 (1978)[6], in which the supreme court considered whether the State could be sued on a contract for the construction of an alcohol and drug addiction center in Richland County pursuant to a statute giving the Department of Mental Health all of the powers incident to corporations. The court found "that whenever the State of South Carolina pursuant to statutory authority enters into a valid contract, the State implicitly consents to be sued and waives its sovereign immunity to the extent of its contractual obligations." *Id*. at 172, 249 S.E.2d at 903. *Kinsey* certainly signaled the law was

---

[5] Some cases also suggest the state could be sued prior to the abolishment of sovereign immunity if the claim was based on a taking as implicated by the United States Constitution. *See Chesterfield County v. State Highway Department of South Carolina*, 181 S.C. 323, 329-30, 187 S.E. 548, 550 (1936) ("In the case of *Chick Springs Water Co. v. Highway Department*, [178 S.C. 415, 183 S.E. 27 (1935)], . . . this court laid down the principle that: 'No act of General Assembly is needed for suit against [the] state to recover just compensation for private property taken for public purpose (Const. art. 1, § 17).'").

[6] *overruled by McCall*, 285 S.C. at 248 n.11, 329 S.E.2d at 743 n.11 with regard to the abrogation of sovereign immunity and by *Unisys*, 346 S.C. at 167, 551 S.E.2d 268 to the extent *Kinsey* stated section 15-77-50 of the South Carolina Code (2005) constitutes a blanket waiver of sovereign immunity as opposed to being a venue statute.

moving toward an expansion of the right to sue the State in contract.  However, we conclude Pearson's reliance on *Kinsey* is misplaced.  Even if we assume the implicit consent discussed in *Kinsey* retroactively applied to 1868, the facts in this case are not analogous, and the legal theory for the existence of Pearson's contract—promises contained in an employment handbook—is not based on any statutory authority which *Kinsey* recognizes as a necessary basis to infer the State's consent to be sued.  Furthermore, this legal theory was not recognized in our state until the 1980s. *See Small v. Springs Indus., Inc.*, 292 S.C. 481, 485-86, 357 S.E.2d 452, 455 (1987) ("[A] majority of states has determined that a handbook can alter the employment status.  South Carolina, as a progressive state which wishes to see that both employer and employee are treated fairly, now joins those states." (citations omitted)).

Based on the rule set forth in *Unisys*, we conclude Pearson was not entitled to a jury trial on her breach of contract claim against the County.  Therefore, the circuit court's order is

**REVERSED AND REMANDED.**

**GEATHERS and VINSON, JJ., concur.**