**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Wilmington Savings Fund Society FSB as Trustee of Stanwich Mortgage Loan Trust I, Respondent,

v.

Ebonee D. Brown; Georgia M. Brown; South Carolina Department of Motor Vehicles, Defendants,

Of whom Ebonee D. Brown and Georgia M. Brown are the Appellants.

Appellate Case No. 2024-000372

Appeal From Chester County
J. Mark Hayes, II, Circuit Court Judge

Unpublished Opinion No. 2026-UP-305
Submitted June 1, 2026 – Filed June 24, 2026

**AFFIRMED**

Andrew Sims Radeker, of Radeker Law, P.A., of Columbia, for Appellants.

Dean Anthony Hayes, of McCabe, Trotter & Beverly, P.C., and John P. Fetner, of Holder, Padgett, Littlejohn & Prickett, LLC, both of Columbia; Kimila Lynn Wooten, of Kenison Dudley & Crawford, LLC, of Greenville;

Meredith L. Coker, of Charleston; Matthew Samuel Lindauer, of Johannesmeyer & Sawyer, PLLC, of Saint Helena Island; J. Pamela Price and January N. Taylor, both of McMichael Taylor Gray, LLC, of Peachtree Corners, Georgia; Steven Chauncey Hippolyte, of Brownlee Whitlow & Praet, PLLC, of Charlotte, North Carolina; and Brian Lawrence Campbell, of Brian L. Campbell, Attorney at Law, PC, of Wilmington, North Carolina, all for Respondent.

---

**PER CURIAM:** Ebonee D. Brown and Georgia M. Brown (collectively, Appellants) appeal the circuit court's order granting summary judgment in favor of Wilmington Savings Fund Society FSB, as trustee of Stanwich Mortgage Loan Trust I (Bank), and referring Bank's foreclosure action to a special referee. On appeal, Appellants argue (1) the circuit court erred in finding the subject mobile home (the Mobile Home) was a fixture to real property, (2) there was a genuine issue of material fact as to their counterclaim for violation of the Fair Debt Collection Practices Act (the Act),[1] (3) Bank asserted a claim and delivery action to gain possession of the Mobile Home and failed to comply with the requisite notice requirements, and (4) the circuit court erred in striking their jury demand. We affirm pursuant to Rule 220(b), SCACR.

We hold that viewing the evidence in the light most favorable to Appellants, the circuit court did not err in granting summary judgment in favor of Bank. *See Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 459, 892 S.E.2d 297, 299 (2023) ("Rule 56(c) of the South Carolina Rules of Civil Procedure provides that the moving party is entitled to summary judgment 'if the [evidence before the court] show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" (alterations in original)); *USAA Prop. & Cas. Ins. Co. v. Clegg*, 377 S.C. 643, 653, 661 S.E.2d 791, 796 (2008) ("When reviewing the grant of a summary judgment motion, appellate courts apply the same standard that governs the [circuit] court under Rule 56(c), SCRCP, which provides that summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *Singleton v. Sherer*, 377 S.C. 185, 197, 659 S.E.2d 196, 202 (Ct. App. 2008) ("On appeal from an order granting summary judgment, the

---

[1] 15 U.S.C.A. §§ 1692-1692p.

appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party.").

1. As to issue one, we hold Appellants failed to raise a genuine issue of material fact as to whether the Mobile Home was subject to the mortgage used to secure the subject note because Appellants failed to support their argument with any evidence and merely relied on conclusory allegations. *See Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 115, 410 S.E.2d 537, 545 (1991) ("Under Rule 56(c), the party seeking summary judgment has the initial responsibility of demonstrating the absence of a genuine issue of material fact."); *id.* ("Once [the] moving party carries its initial burden, [the] opposing party must, under Rule 56(e), 'do more than simply show that there is some metaphysical doubt as to the material facts' but 'must come forward with "specific facts showing that there is a *genuine issue for trial*."'" (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986))); *id.* ("Rule 56(e) specifically prohibits the nonmoving party from resting upon the mere allegations or denials of its pleadings."); *Town of Hollywood v. Floyd*, 403 S.C. 466, 477, 744 S.E.2d 161, 166 (2013) ("[I]t is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine."). Further, the circuit court did not find the Mobile Home was a fixture, but rather, it found the parties intended for the Mobile Home to be a permanent improvement to real property.

2. As to issue two, we hold Appellants failed to raise a genuine issue of material fact as to whether Bank violated the Act because Appellants failed to support their argument with any evidence and merely relied on conclusory allegations. *See Baughman*, 306 S.C. at 115, 410 S.E.2d at 545 ("Under Rule 56(c), the party seeking summary judgment has the initial responsibility of demonstrating the absence of a genuine issue of material fact."); *id.* ("Once moving party carries its initial burden, opposing party must, under Rule 56(e), 'do more than simply show that there is some metaphysical doubt as to the material facts' but 'must come forward with "specific facts showing that there is a *genuine issue for trial*."'" (quoting *Matsushita Elec. Indus.*, 475 U.S. at 586-87)); *id.* ("Rule 56(e) specifically prohibits the nonmoving party from resting upon the mere allegations or denials of its pleadings."); *Floyd*, 403 S.C. at 477, 744 S.E.2d at 166 ("[I]t is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine.").

3. As to issue three, we hold this issue is without merit because in its motion for summary judgment and at the motion hearing, Bank stated it was not asserting an action for claim and delivery, and the circuit court indicated at the hearing that it

accepted Bank's position. *See Baughman*, 306 S.C. at 115, 410 S.E.2d at 545 ("Under Rule 56(c), the party seeking summary judgment has the initial responsibility of demonstrating the absence of a genuine issue of material fact."); *id.* ("Once moving party carries its initial burden, opposing party must, under Rule 56(e), 'do more than simply show that there is some metaphysical doubt as to the material facts' but 'must come forward with "specific facts showing that there is a *genuine issue for trial*."'" (quoting *Matsushita Elec. Indus.*, 475 U.S. at 586-87)); *Floyd*, 403 S.C. at 477, 744 S.E.2d at 166 ("[I]t is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine.").

4. As to issue four, we hold the circuit court did not err in striking Appellants' jury demand. *See Verenes v. Alvanos*, 387 S.C. 11, 15, 690 S.E.2d 771, 772 (2010) ("Whether a party is entitled to a jury trial is a question of law."); *id.* at 15, 690 S.E.2d at 772-73 ("An appellate court may decide questions of law with no particular deference to the [circuit] court."). Because Bank did not assert an action for claim and delivery and the circuit court did not err in granting summary judgment as to Appellants' counterclaim for violation of the Act, Bank's foreclosure action was an action in equity; and thus, Appellants were not entitled to a jury trial. *See U.S. Bank Tr. Nat'l Ass'n v. Bell*, 385 S.C. 364, 373, 684 S.E.2d 199, 204 (Ct. App. 2009) ("A mortgage foreclosure is an action in equity." (quoting *Hayne Fed. Credit Union v. Bailey*, 327 S.C. 242, 248, 489 S.E.2d 472, 475 (1997))); *Williford v. Downs*, 265 S.C. 319, 321, 218 S.E.2d 242, 243 (1975) ("In equity the parties are not entitled, as a matter of right, to a trial by jury.").

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.